## No. 21316.

SAM JOE ARCHULETA *v.* THE PEOPLE OF THE
STATE OF COLORADO.

(415 P.2d 533)

Decided April 11, 1966.     Rehearing denied July 18, 1966.

BARTLEY, JAGGER and GLOVER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, Assistant, JOHN P. MOORE, Assitant, GEORGE H. SIBLEY, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error will be referred to as the defendant. An information containing two counts was filed in the district court of Pueblo county. In the first count the defendant was accused of having "in his possession a narcotic drug, namely, cannabis and cannabis sativa L." In the second count it was charged that the defendant "had in his possession for sale a narcotic drug, namely, cannabis and cannabis sativa L." He entered a plea of not guilty to each count and upon trial to a jury was found guilty on the first count of the information and not guilty on the second count. Judgment was entered on the verdict and sentence of from four to eight years imprisonment in the state penitentiary was entered.

As grounds for reversal of the judgment counsel for defendant rely on three arguments:

First. It is contended that the trial court erred in permitting an expert witness, called by the people, to refer to a letter addressed to the Pueblo City and County Health Department from the Colorado State Health Department. A description of a chemical test for the identification of marijuana was contained therein together with a statement to the effect that the test was approved by the Federal Food and Drug Administration. The letter was only one of the authorities, cited by the witness, for use in the chemical analysis of the drug. Its authenticity was obvious and the test referred to was well known to the witness from other sources, and through his education and experience as a laboratory technician. No error was committed in permitting a reference to the letter. There isn't the slightest evidence that the exhibits examined by the witness were anything other than the drug named in the information. Its identification as such was overwhelmingly established.

Second. It is argued that the evidence is insuffi-

cient to prove the guilt of the defendant on the charge contained in the first count. We have read the reporter's transcript consisting of 1574 folios and have no hesitancy in saying that there is overwhelming support in the evidence to sustain the verdict.

■ Third. It is asserted that the trial court erred in permitting a police captain to testify that one Alfred Archuleta (no relation to the defendant) made a statement in the presence of the defendant that he, Alfred, had purchased marijuana from the defendant. This statement of Alfred's was denied by the defendant at the time it was made. Under other circumstances there might well have been error in the reception of this evidence. However in the instant case Alfred took the witness stand and testified to the identical transaction referred to in his extra-judicial statement and was cross-examined at length with regard thereto. The evidence was offered to establish the guilt of defendant upon the second count, and upon that count the defendant was found not guilty. The error in admitting the evidence of the accusatory statement made by Alfred in the presence of the defendant was cured by that which occurred by the appearance of Alfred as a witness at the trial, as well as by the verdict of not guilty returned on the second count.

"An error which had been cured by subsequent events is harmless." C.J.S. page 883.

The judgment is affirmed.

Mr. Justice McWilliams not participating.