No. 22700.

Robert L. Moyer *v.* The People of the State of Colorado.
(440 P.2d 783)

Decided May 13, 1968.

Edward H. Sherman, Public Defender in and for the City and County of Denver, Truman Coles, Assistant, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey,

Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

PLAINTIFF in error, who will be referred to as defendant, was accused of the crime of assault with a deadly weapon as defined by C.R.S. 1963, 40-2-34. The jury returned a verdict of guilty and after motion for a new trial was heard and denied the court sentenced him to a term of eighteen months to three years in the state penitentiary.

The brief filed by counsel for defendant contains the following summary of the points relied upon for reversal of the judgment:

"Defendant seeks reversal principally on the basis that the evidence was insufficient as a matter of law to sustain a verdict of guilty to assault with a deadly weapon. The evidence was moreover insufficient to show the specific intent required. The verdict submitted to the jury was erroneous and prejudicial. It was error for the court to give an instruction defining in the statutory language 'assault with a deadly weapon' where there was no evidence showing 'an abandoned and malignant heart' and where the court failed to define such language. Defendant further contends he was not afforded a proper or adequate defense by his attorney, who admitted in his closing argument that the State has proven nothing more than simple assault. Such admission Defendant contends was not justified by the evidence, was not binding upon him, nor authorized and was highly prejudicial. Moreover, Defendant contends he was denied his right to a preliminary examination." The defendant offered no evidence.

The people proved that the defendant entered a Safeway store at 255 South Hooker street in Denver on the

date of the alleged offense. His action inside the store aroused the suspicion of the assistant manager, Mr. Sauer, who took up a position in the "dairy box" at the end of the store where he could watch the defendant through a glass window. He observed the defendant take four cartons of cigarettes and walk out a side door without paying for them. Sauer followed him outside and informed him — he admitted that he had not paid for the merchandise — that he would have to come back in the store and talk to the manager. The defendant replied, "No, — just take your cigarettes and go back inside." Sauer started to reach for the defendant's arm to take him back into the store when the defendant pulled a loaded revolver out of his pocket and ordered Sauer to "take the cigarettes and go back in." The witness Sauer heard the hammer of the revolver click. He went inside the store and the police were called. Thereafter he identified a photograph of the defendant and also picked him from a police lineup as the man involved in the encounter.

None of the points mentioned by counsel for defendant in his brief have merit and we will not lengthen this opinion by discussing them further. The point upon which chief reliance is placed is that there was no proof of any offense of a greater degree than simple assault because no specific intent to do bodily harm was shown.

This court defined the term "specific" in *Shreeves v. People,* 126 Colo. 413, 249 P.2d 1020, as follows:

"Specific, as applied to intent to do great bodily harm, and which must be found as a fact before a conviction, is an adjective which distinguishes the intent to do great bodily harm from other intentions in the defendant's mind at the time of the commission of the crime, and to require that intention to be in actual existence in defendant's mind at the time of the commission of the alleged crime."

Also, in *Peterson v. People,* 133 Colo. 516, 297 P.2d 529,

the court had occasion to comment on specific intent wherein it states:

"The gist of the crime charged is the state of mind of defendant at the time of the alleged assault. This state of mind or intent is usually manifested by circumstances and proof thereof necessarily is by circumstantial evidence, and, of course, such intent is ordinarily inferable from the facts. This is made so because the state of mind of the assailant is concealed within the mind and is not usually, and we might say never, susceptible of direct proof."

Under the evidence the jury was fully justified in drawing the inference that the defendant had the "specific intent" required by the statute.

The judgment is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.