No. 23616.

HAROLD GEORGE JOHNSON *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(484 P.2d 110)

Decided May 3, 1971.

414

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, STEPHEN C. RENCH, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE,

Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

HAROLD GEORGE JOHNSON, referred to as the defendant herein, brings this writ of error seeking a reversal of his convictions for assault with a deadly weapon and for kidnapping. Both charges arose out of related transactions, and concurrent sentences were imposed.

The evidence which supported his conviction of both offenses is not disputed. The defendant's victim was a former girl friend whom he had dated for a period of time and whom he had hoped to marry. On a Saturday morning, shortly after being jilted, he entered the woman's bedroom with a hunting knife in his hand and threatened to kill her if she did not do as he directed. He also told her that he would get her or her sisters, wherever they might be, if she did not comply with his demands. Several hours later, the defendant forced the woman at knife-point to accompany him to his apartment, where he planned to keep her until her bank opened on Monday morning. While at the apartment, he kept repeating that he did not know whether to kill her or to take her money. Later that day, after instructing the woman to meet him at the Greyhound Bus Station with eight thousand dollars, he released her in front of her home. At the appointed time, the defendant was arrested at the bus station, and a hunting knife that was found concealed in a newspaper which the defendant was carrying was taken from him.

The defendant contends that the evidence was insufficient to justify the submission of either kidnapping or the assault charge to the jury. With respect to his conviction for assault with a deadly weapon, he contends

that the State failed to prove the required element of specific intent. He also claims that the offense of assault should have been merged into the offense of kidnapping. We find all of the defendant's contentions to be without merit, and accordingly, we affirm his convictions.

The defendant's first argument is based upon the fact that mental capacity is essential to a finding of guilt. The defendant maintains that he was incapable of forming the requisite *mens rea*, and therefore, he could not be criminally responsible for his acts. We find this argument unpersuasive, inasmuch as the defendant was found sane in a separate sanity hearing prior to trial, and no objection was raised as to the propriety of the proceedings. *See Lewis v. People,* 174 Colo. 334, 483 P.2d 949.

The defendant also claims that he was prejudiced by the testimony which related to the crime of aggravated robbery and to kidnapping. He argues that his motion to strike should have been granted, since no instruction was given limiting the evidence offered to the issue of scheme, plan, design, or intent. We cannot agree. The defendant did not request that the evidence be limited to scheme, plan, design or intent; and in the absence of an objection or request for a limitative instruction, the evidence was admissible for all purposes. *Bishop v. People,* 165 Colo. 423, 439 P.2d 342 (1968); *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). This Court has repeatedly held that evidence, which is competent and relevant and tends to establish some element of the crime or crimes charged, is admissible even though it may tend to show that the defendant is guilty of another crime. *Jordan v. People,* 151 Colo. 133, 376 P.2d 699 (1962); *Coates v. People,* 106 Colo. 483, 106 P.2d 354 (1940); *Abshier v. People,* 87 Colo. 507, 289 P. 1081 (1930). Furthermore, we have held that other offenses may be shown when they are so interwoven with the principal transaction that it is necessary to show them in order to give true understanding to the offense

charged. *Armijo v. People,* 134 Colo. 344, 304 P.2d 633 (1956); *Sarno v. People,* 74 Colo. 528, 223 P. 41 (1924).

■ By objecting to his conviction for assault with a deadly weapon, the defendant has raised the question of what acts are sufficient to satisfy the definition of assault; namely, an unlawful attempt coupled with a present ability. C.R.S. 1963, 40-2-33. It has been suggested that there was no attempt in this case, since the defendant did not actually attempt to stab the victim. However, an attempt merely requires some overt act beyond mere preparation. The overt act necessary to establish an attempt need not be the last proximate act necessary to consummate a battery.

It has also been urged that the State failed to prove specific intent, which is a required element of assault. This Court dealt with the problem of proof of specific intent in *Shreeves v. People,* 126 Colo. 413, 249 P.2d 1020 (1952), and said:

"Where a crime consists of an act combined with a specific intent, the intent is just as much an element of the crime as is the act.... [M]ere general malice or criminal intent is insufficient, and the requisite specific intent must be shown as a matter of fact, either by direct or circumstantial evidence.... The general rule ... that a criminal intention will be presumed from the commission of the unlawful act does not apply; and proof of the commission of the act does not warrant the presumption that accused had the requisite specific intent."

■ Specific intent was also commented upon in the later case of *Peterson v. People,* 133 Colo. 516, 297 P.2d 529 (1956), in which we said that specific intent is ordinarily inferable from the facts and proof thereof is necessarily by circumstantial evidence. The facts in this case leave no doubt that the jury's determination of guilt was supported by competent evidence establishing the requisite specific intent. In other cases in which defendants have contended that specific intent was not proven,

this Court has upheld the juries' determinations of guilt on far less evidence of specific intent than exists in this case. *See Moyer v. People,* 165 Colo. 583, 440 P.2d 783 (1968); *Lucero v. People,* 161 Colo. 568, 423 P.2d 577 (1967).

The defendant's final contention is that the offenses of assault with a deadly weapon and kidnapping should have been merged. When confronted with a similar contention in *People v. McKenzie,* 169 Colo. 521, 458 P.2d 232 (1969), we stated:

"It is a well established principle of law that a single transaction may give rise to the violation of more than one statutory provision, and in such a situation separate offenses are perpetrated, each of which may be subject to prosecution. *Harris v. United States,* 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597; *Gore v. United States,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405; *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; *Wood v. United States,* 317 F.2d 736 (10th Cir.); *Smith v. United States,* 273 F.2d 462 (10th Cir.); *Toliver v. United States,* 224 F.2d 742 (9th Cir.); *Whitman v. People,* 161 Colo. 117, 420 P.2d 244; *Casias v. People,* 160 Colo. 152, 415 P.2d 344, *cert. denied* 385 U.S. 979, 87 S.Ct. 523, 17 L.Ed.2d 441; *Hill v. Best,* 101 Colo. 243, 72 P.2d 471; *Ruff v. People,* 78 Colo. 474, 242 P. 633."

The test adopted by the *McKenzie* case was set forth by the United States Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as follows:

"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."

Clearly, the facts necessary to prove that the defendant was guilty of assault with a deadly weapon were not the

same as those required to prove that the defendant was guilty of kidnapping.

Therefore, the defendant's conviction of assault with a deadly weapon and for the separate offense of kidnapping is affirmed.

Judgment affirmed.

MR. JUSTICE LEE not participating.

CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES concur in result.