No. 23479.

FLOYD EDWARD WALKER *v.* THE PEOPLE OF THE STATE OF COLORADO.
(489 P.2d 584)

Decided June 21, 1971.     Rehearing denied August 3, 1971.

BEN KLEIN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*In Department.*

Opinion by DANIEL J. SHANNON, District Judge.*

FLOYD EDWARD WALKER was charged by an information with murder in the first and second degree of Albert Fondal, to which he pled not guilty. He was found guilty of voluntary manslaughter by a jury. By writ of error Walker, hereinafter called defendant, seeks reversal of the judgment or in the alternative a new trial on the

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

charge of manslaughter and dismissal of the charges of murder in the first and second degree.

We find no substantial errors on the part of the trial court requiring a reversal of the judgment or a new trial.

I.

Defendant and victim, Fondal, engaged in an argument. Fondal pulled out a gun and defendant took the gun away. Victim Fondal stated, "I'll go home and get my shotgun and come take the pistol," whereupon he left. Upon his return an argument ensued. Fondal struck the defendant about the face several times. Fondal reached for his back pocket. The defendant then drew a gun and shot Fondal four times, killing him.

Defendant objects to the submission to the jury of the charges of murder in the first and second degree and the instructions pertaining thereto since both charges require a showing of malice and such showing was not made by the People.

■ Murder consists of the unlawful killing of a human being with malice aforethought. Murder in the first degree is the deliberate and premeditated killing of a human being with malice aforethought. Murder in the second degree consists of an unlawful killing with implied malice aforethought, but without premeditation and deliberation. *Smith v. People,* 142 Colo. 523, 351 P.2d 457; and *Tate v. People,* 125 Colo. 527 247 P.2d 665.

■■ Implied malice must of necessity be established by all the facts and circumstances surrounding the crime. It cannot be established as readily as a date on the calendar, or the color of the clothing worn by the victim at the time of the crime. The perpetrator may testify as to his state of mind at the time of the homicide, but the jury is not bound by this statement and may consider the attendant circumstances in resolving the matter. *Washington v. People,* 158 Colo. 115, 405 P.2d 735; and *Lutz v. People,* 133 Colo. 229, 293 P.2d 646.

■ Express malice is that deliberate intention, un-

lawfully to take away the life of a fellow creature which is manifested by external circumstances capable of proof.

■ Malice shall be implied when no considerable provocation appears, or when all circumstances of the killing show an abandoned and malignant heart. *Washington v. People, supra.*

The evidence here indicates that prior to the shooting the defendant and the victim had engaged in a heated argument. The defendant took a pistol from the victim and told him that he would not give the gun to him but would make it available to its owner. The victim stated he would go home, get a shotgun, and return to take back the pistol. The victim returned to the scene where he and the defendant again argued. The victim hit the defendant about the face several times. The defendant drew a gun and shot the victim not once, but four times, killing him.

■■ Malice is not implied as a matter of law, but is a question of fact and whether or not it is to be implied under the circumstances of the case is a question for the jury. *Tate v. People, supra.* It was not error here for the court to submit the instructions to the jury because there was sufficient evidence to support a finding of implied malice.

## II.

The defendant objects to the conviction of voluntary manslaughter as not being supported by the evidence. "In cases of voluntary manslaughter there must be a serious and highly provoking injury inflicted upon the person killing, sufficient to excite irresistible passion in a reasonable person, or an attempt by the person killed to commit a serious personal injury on the person killing." C.R.S. 1963, 40-2-5.

■ At the time of the shooting, Fondal was striking the defendant about the face. There was conflicting testimony as to whether Fondal had threatened to kill the defendant. If from the evidence the jury found considerable provocation, then they were justified in

finding the defendant guilty of voluntary manslaughter. Further, where the jury has reached a verdict based upon competent evidence, the jury's verdict will not be disturbed. *Johnson v. People,* 171 Colo. 505, 468 P.2d 745; *Armstead v. People,* 168 Colo. 485, 452 P.2d 8; *Godfrey v. People,* 168 Colo. 299, 451 P.2d 291; and *Davis v. People,* 112 Colo. 452, 150 P.2d 67.

### III.

The defendant claims the trial court erred in denying defendant's motion for mistrial based upon (a) the admission of the testimony of the police officer that the defendant stated that he shot Fondal and (b) the prejudice created by the district attorney's question to the defendant as to whether he carried a gun on June 6, 1964, 18 months prior to the date of the killing.

(a) On direct examination the police officer testified as follows:

"Q. What happened when you arrived at the scene?

"A. I asked the gentleman which came to the door, I said, 'Who was shot?' And he pointed in the other room which was about one step in the doorway, and there was a party lying on the floor. At the same time I asked who did the shooting and he said, 'I did.' "

The defendant claims the court erred in allowing the officer to testify as to the defendant's admission because the defendant had not been advised of his rights under the Miranda decision, *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The Miranda rule applies only to custodial interrogation.

"By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona.*

The defendant was not in custody nor was he deprived of his freedom when the police officer asked the question. The investigation had not focused upon any indi-

vidual. The *Miranda* warning was not necessary since the defendant was not in custody, thus no error was committed in admitting the statement into evidence. *People v. Smith,* 173 Colo. 10, 475 P.2d 627.

(b) The defendant claims he was prejudiced by a question by the district attorney during cross-examination as to whether he carried a gun on June 6, 1964. The defendant answered the question in the negative and nothing more was said about that matter. Had the defendant answered in the affirmative, the evidence might have related to the question of malice. Since the defendant was found guilty of voluntary manslaughter the question of malice was rendered moot. Error may be rendered harmless and therefore not reversible by subsequent proceedings in the case, or by the result thereof. Errors committed against a party are cured by a verdict or judgment in his favor. *Archuleta v. People,* 159 Colo. 520, 415 P.2d 533 (1966); and 5 Am. Jur. 2d *Appeal and Error* 805.

## IV.

The defendant asserts the court erred in refusing to submit to the jury Exhibits B and C containing prior statements made to police by witnesses Evans and Samuels. The defense confronted the witnesses with the prior statements in an attempt to impeach them. The alleged contradictory portions of the statements were read in open court. The witness admitted or explained the allegedly contradictory statements.

Witness Evans did reflect upon a question in the prior statement:

"Q. How many times did he (Fondal) hit him (Walker)?
"A. Three or four times."

Her afterthought was that it (the statement) must have been wrong "because he only hit Floyd once." Later in her testimony she indicated she might have made the statement, but she didn't remember. The jury was allowed to consider this full discourse. The witnesses made no denials concerning the balance of the

contents of the statements. As we stated in *Duran v. People*, 162 Colo. 419, 427 P.2d 318,

"If a witness admits having made the contradictory statement in question, there is no necessity for proving them, and such statements are inadmissible."

We find no error in the court's refusal to admit the statements into evidence.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.