## No. 24192

### E. D. Dressel v. The People of the State of Colorado
(495 P.2d 544)

Decided April 10, 1972.

Sandhouse & Sandhouse, Charles Sandhouse, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, Richard G. McManus, Jr., Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

E. D. Dressel, hereinafter referred to as the "defendant," was convicted of embezzlement by a warehouseman of property exceeding twenty dollars in value. C.R.S. 1963, 40-5-18. The statute provides, in pertinent part:

"A. . . warehouseman. . . or his employee, who, with intent to defraud, sells, or in any way disposes of, or applies or converts to his own use, any bill of lading, custom house permit, or warehouse keeper's receipt, entrusted to or possessed by him, or any property entrusted or consigned to him, or the proceeds or profits of any sale of such property, or fails to pay over such proceeds, deducting charges and usual commissions, shall be adjudged to be guilty of embezzlement. . . ."

By writ of error, the defendant claims that the evidence which was presented against him was insufficient to support his conviction, since it was not shown that he participated in the embezzlement alleged or that he had any knowledge that the crime of embezzlement had in fact been committed.

▮▮▮ Although admitting that there was no evidence presented to show that the defendant actually participated in the crime charged, the prosecution contends that the defendant's conviction was justified under C.R.S. 1963,

40-1-12. The statute provides that one who advises and encourages the perpetration of a crime is an accessory under the law and shall be deemed and considered as principal and punished accordingly. *See Oaks v. People,* 161 Colo. 561, 424 P.2d 115 (1967); *Newton v. People,* 96 Colo. 246, 41 P.2d 300 (1935).

Prosecution of the defendant as an accessory was based on the testimony of several witnesses. Conrad Luft, Jr., the alleged victim of the embezzlement, testified that he had stored grain with the Farmers Elevator Company in Sterling, Colorado, in the first part of 1967. He stated that the grain was worth approximately ten thousand dollars and that sale of the grain by the elevator company had not been authorized. Some time thereafter, he was informed by the manager of the elevator company that his grain had been sold, and he was offered approximately one thousand dollars in settlement. The manager, who was charged with embezzlement as a principal, corroborated the testimony of Luft. The manager also stated that the defendant, who was employed by the elevator company to operate the trucks and buy and sell grain more or less as he saw fit, had advised and encouraged him to sell grain, including the grain of Luft. On cross-examination, the manager clarified his earlier statement when he said that although the defendant encouraged him to sell the grain which was stored in the company's elevators, the defendant was unaware that Luft had stored grain in the elevators or that Luft's grain had in fact been sold. In addition, the manager testified that the defendant had not made any deliveries of grain from the elevator in Sterling, Colorado, during the period of time within which the alleged embezzlement had occurred. A stockholder testified that the defendant had urged the stockholders not to close the elevator. The stockholder also said that the defendant had stated that no shortages could be proven and that everything would turn out all right.

In *Mulligan v. People,* 68 Colo. 17, 189 P. 5 (1920), this Court stated:

"In the trial of an alleged accessory, the state must show. . .

by some substantial proof, either directly or by conclusive circumstances, that the accessory had some knowledge of the principal's offense."

*Accord, Harris v. People,* 139 Colo. 9, 335 P.2d 550 (1959); *McKenna v. People,* 124 Colo. 112, 235 P.2d 351 (1951); *Bacino v. People,* 104 Colo. 229, 90 P.2d 5 (1939). In this case, the prosecution failed to establish that the defendant had some knowledge that the manager had perpetrated the crime of embezzlement. Under these circumstances, the evidence against the defendant was insufficient to support his conviction, and a judgment of acquittal should have been granted.

Judgment reversed and remanded with directions to enter a judgment of acquittal in favor of the defendant.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.