No. 25918

**The People of the State of Colorado v.**
**Jack LaRoy Hosier**
(525 P.2d 1161)

Decided September 3, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was charged with and convicted of second-degree murder. This was under the former statute. C.R.S. 1963, 40-2-1 *et seq.* We affirm.

The facts of this case are not in dispute. A police officer, who interrogated the defendant following his arrest, testified that the defendant made the following statements: The defendant had been living in West Pikes Peak with Mrs. Roper and her children, Michael, age two, and Kimberly, age three. On June 5, 1972, Mrs. Roper went on an errand and left the children in the defendant's care. When Michael refused to take a nap, the defendant swatted him twice on the rear with an open hand. When Michael went to a couch and stood upon it, the defendant lost his temper and struck the child two or three times in the stomach with his fists. The defendant then carried Michael to bed. His reason for striking the child was that he was mad at the child for disobeying, and he intended to hurt the child but he did not intend to kill him.

When Susan Roper returned home that afternoon, she found Michael lying on the bedroom floor in a limp condition. Efforts to revive the child failed.

The pathologist who performed the autopsy testified that the cause of death was a hemorrhage in the abdominal cavity, which had been the result of several blows.

## I.

The defendant first argues that there was insufficient evidence to support the verdict of guilty of second-degree murder.

Murder consisted of the unlawful killing of a human being with malice aforethought, either express or implied. Murder in the second degree consisted of an unlawful killing with implied malice aforethought, but without premeditation and deliberation. Malice was to be implied when no considerable provocation appeared, or when all circumstances of the killing showed an abandoned and malignant heart. *Walker v. People,* 175 Colo. 173, 489 P.2d 584 (1971); *Bishop v. People,* 165 Colo. 423, 439 P.2d 342 (1968); *Washington v. People,* 158 Colo. 115, 405 P.2d 735 (1965), *cert. denied,* 383 U.S. 953, 86 S.Ct. 1217, 16 L.Ed.2d 215 (1966).

The defendant claims that the child's failure to obey him constituted considerable provocation and that, therefore, malice could not be implied in this case. Whether malice is to be implied is not a matter of law, but is rather a question of fact, which the jury must resolve from the circumstances of the case. *Walker, supra.* The jury was at liberty to conclude that the refusal of a two-year-old child to take a nap did not constitute considerable provocation and that, therefore, malice could be implied.

The defendant claims there is a parental right to discipline one's child by the use of physical force and that this right constitutes a defense to criminal charges stemming from the use of such force. Assuming *arguendo* that the defendant's statement of law is correct and that the defendant had assumed a parental role in this case, we hold that such a defense is not available in the circumstances where, as here, a male adult used his fists upon a two-year-old child.

## II.

The defendant argues that the trial court erred in admitting evidence concerning injuries to Kimberly Roper, the victim's sister. The evidence consisted of testimony of three witnesses who stated that they had observed bruises on Kimberly's body shortly after the commission of the crime, and of four photographic exhibits depicting these bruises.

As a general rule, evidence tending to show that the accused has committed a crime wholly independent of the offense for which he is being tried is inadmissible. *Kennard v. People,* 171 Colo. 194, 465 P.2d 509 (1970). However, evidence of similar transactions is admissible to show the defendant's plan, scheme, design, intent, guilty knowledge, or *modus operandi. Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972); *Kennard, supra.*

The defendant recognizes the exceptions to the rule but claims they are not applicable here because there was no evidence linking the defendant to the injuries sustained by Kimberly Roper. The testimony of two witnesses showed that, prior to Susan Roper's departure on the day of the

crime, neither Kimberly nor her brother had any marks or bruises on their faces, arms, or legs. The evidence is uncontroverted that the defendant had exclusive control over the two children until Mrs. Roper returned home that afternoon, and that on the evening after the offense Kimberly had bruises on numerous parts of her body. This testimony was sufficient to connect the defendant to the injuries sustained by Kimberly.

Additionally, in compliance with the requirements of *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959), the jury was advised of the limited purpose for which the evidence was admitted.

### III.

It was established at an *in camera* hearing that the defendant was initially confined in the Colorado Springs County jail around 4:00 p.m. on the day of the crime. Less than an hour later the defendant was interrogated and he gave a statement to the effect that he had only spanked the victim on the rear with an open hand. At 10:00 a.m. the following day, while still in confinement, the defendant was again interrogated. This time the defendant revealed that he had struck the victim two or three times in the stomach with his fists. At least eighteen hours had elapsed between the initial confinement and the obtaining of the second statement.

█ Crim. P. 5 requires that an arresting officer take the arrested person before the nearest available county judge "without unnecessary delay." The defendant argues that the eighteen hour span constituted an unnecessary delay within the meaning of the rule, and that, therefore, the interrogating officer should not have been permitted to testify concerning the defendant's second statement.

█ Before a violation of Crim. P. 5 may be grounds for reversal, the defendant must show that he was unfairly prejudiced or denied some basic constitutional right by reason of the failure to comply with the rule. *People v. Gilmer,* 182 Colo. 96, 511 P.2d 494 (1973). The record does not disclose that the defendant was not taken before a magistrate immediately. However, we will assume that he was

not and *arguendo* that Crim. P. 5 was violated in this case. Such violation neither unfairly prejudiced the defendant nor denied him any basic constitutional right. Prior to both interrogations, the defendant was properly advised as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and only thereafter did the defendant choose to give the incriminating statement rather than to remain silent.

IV.

The defendant argues that a certain photograph of the victim's body has no probative value and served only to arouse the prejudices and passions of the jury, and that, therefore, the trial court erred in admitting it in evidence.

Photographs may be used to graphically portray, among other things, the scene of a crime, the identification of a victim, the appearance and condition of the deceased, and the location, nature and extent of the wounds or injuries, all of which are relevant. *People v. Jones,* 184 Colo. 96, 518 P.2d 819 (1974); *Young v. People,* 175 Colo. 461, 488 P.2d 567 (1971). The trial court has discretion to determine whether a photographic exhibit is unnecessarily gruesome and inflammatory, and absent a showing of abuse of discretion, the trial court's decision as to the admissibility of a photograph will not be disturbed on review. *Jones, supra; Hinton v. People,* 169 Colo. 545, 458 P.2d 611 (1969). No abuse of discretion has been shown.

V.

The remaining assignments of error are without merit.

Judgment affirmed.

MR. JUSTICE DAY and MR. JUSTICE LEE do not participate.