## No. 25730

### The People of the State of Colorado v. Jose David Urban Garcia
(526 P.2d 292)

Decided September 9, 1974.

168

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dickie D. Lewis, Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Garcia was convicted by a jury of second-degree murder and assault with a deadly weapon. He was sentenced to concurrent terms in the penitentiary. He advances several grounds for reversal of his conviction, none of which have merit and we therefore affirm the judgment of the trial court.

At about 4:00 a.m., February 5, 1972, the defendant, who was carrying a rifle, knocked on the door of the house occupied by his ex-wife and her fiancé, one Daniel Montoya. When defendant was refused entry, he broke the door window with the rifle barrel, fired and wounded Montoya. Montoya, however, was able to phone for the police before he ran from the house. Defendant then managed to gain entry, went to his ex-wife's bedroom, asked her to leave with him, and when she refused, he shot her three times. She died within an hour.

I.

To support the jury verdict of second-degree murder, there must be evidence of either express or implied malice. *Walker v. People,* 175 Colo. 173, 489 P.2d 584 (1971). The defendant argues that such evidence is lacking in this case. Our review of the record reveals that the evidence of malice was present and amply supports the verdict. For example, there was testimony by a bartender that several hours before the fatal shooting, defendant expressed his intention of "going down there and kill them both." The fact that defendant armed himself with a rifle before coming to the house of his ex-wife is also evidence from which the jury could properly infer malice. *Hampton v. People,* 171 Colo. 153, 465 P.2d 394 (1970); *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427 (1962). Implied malice in a second-degree murder conviction is cogently discussed in our recent decision of *People v. Hosier,* 186 Colo. 116, 525 P.2d 1161.

II.

The specific intent to do bodily injury to another person is an essential element of the offense of assault with a deadly weapon. C.R.S. 1963, 40-2-34. *Also see Moyer v.*

*People,* 165 Colo. 583, 440 P.2d 783 (1968) and *Armijo v. People,* 157 Colo. 217, 402 P.2d 79 (1965). Defendant contends that this essential element was not proven and therefore his conviction of assault with a deadly weapon cannot be sustained. In this regard, the defendant alleges that the prosecution has not shown that the defendant intended to direct shots at Montoya, or at any other person, or to injure Montoya or any other person. Defendant buttresses this argument by testimony of Montoya. that defendant's vision was blocked by a curtain when he shot Montoya.

In our view, there is considerable evidence from which the jury could infer the existence of the required specific intent. For instance, the evidence shows that the defendant screamed an expletive at Montoya at the time of the shooting. Also, the testimony of the homicide victim's daughter, who was present at the scene, supports an inference that defendant purposely directed shots at Montoya. Our examination of all of the testimony regarding the shooting injury to Montoya reveals ample evidence from which the jury could conclude that the required specific intent existed.

### III.

The defendant contends that portions of the testimony of officer Wilcox, a technician employed by the Grand Junction Police Department, requires reversal.

On direct examination, while he was describing certain exhibits obtained from the homicide victim's home, officer Wilcox referred to the victim's bedroom as "the room of the scene of the murder." The trial court sustained the defendant's objection to this reference and immediately instructed the jury to disregard the witness' remark with respect to the legal conclusion of "murder." In our view, the trial court's action as to this part of officer Wilcox's testimony eliminated the possibility of prejudice. Furthermore, it appears quite evident that the officer was not offering any personal opinion of guilt as was condemned in *McKee v. People,* 69 Colo. 580, 195 P. 649 (1921). Officer Wilcox used this phrase merely as a convenient reference to the place where he had obtained certain evidence. *See Gallegos v. People,* 157 Colo. 484, 403 P.2d 864 (1965).

■ During examination by defense counsel regarding the admissibility of an exhibit upon which the defendant's fingerprints appeared, officer Wilcox stated that there was also a print card in the permanent file. It is this remark which the defendant states improperly revealed to the jury that the defendant may have had a previous arrest record. In our view, this was a confusing and cryptic remark in the context of all the testimony and did not actually reveal anything of an improper nature to the jury. Therefore, there is no reversible error.

## IV.

The defendant contends that the trial court should have granted its motion for a mistrial based upon the following incident.

While in the trial court's chambers, out of the presence of the jury, the judge indicated that he would sustain the defendant's objection to instructing the jury on first-degree murder and would submit the case only on second-degree murder and lesser included offenses. The prosecution interposed an objection to this and the trial judge then indicated that he would reconsider during the supper recess. When the trial court reconvened in the presence of the jury, the trial judge commented that he had further considered the matter of instructing the jury with regard to first-degree murder and the objection thereto. He then stated that the objection would be overruled and the court would instruct on first-degree murder. Whereupon, the court immediately commenced instructing the jury. After final arguments, the defendant moved for a mistrial on this basis. It was denied.

■ The defendant argues that the statements by the trial judge are tantamount to an impermissible and highly prejudicial comment on the sufficiency of the evidence and thus denied the defendant's right to a fair trial. The trial judge's ruling in this respect certainly should have been made out of the presence of the jury. However, under the facts of this case, this impropriety does not reach the magnitude of reversible error. The facts here are entirely different than those in *Sheftel v. People*, 111 Colo. 349, 141 P.2d 1018 (1943) where the remarks of the trial judge clearly invaded

the fact-finding role of the jury. Here, the trial judge made a ruling of law and in our view, it in no way invaded the independent fact-finding province of the jury which had been made well aware of the fact that first-degree murder was the charge being tried. In ruling upon the motion for mistrial, the trial judge made a finding that there was no conceivable way the jury could have been prejudiced by his action in this regard. We agree.

Other contentions of error alleged by the defendant are also without merit and require no discussion.

Judgment affirmed.

MR. JUSTICE DAY and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE DAY dissenting:

I respectfully dissent from point IV of the majority opinion and would hold that the trial court should have declared a mistrial because of the improper comment concerning defense objections to the submission of a verdict of murder in the first degree to the jury. The standard instruction used in all criminal cases, and given to the jury in this case, states *inter alia:*

"The court did not by any words uttered during the trial, and the court does not by these instructions, give or intimate, or wish to be understood by you as giving or intimating, any opinions as to what has or has not been proved in this case, or as to what are or are not the facts in the case."

That instruction was rendered virtually meaningless when the court permitted the jury to know that the defendant's counsel had objected to the instruction on murder in the first degree to the jury and after due deliberation the court had concluded that he would instruct on first degree murder and submit to the jury a verdict thereon. I agree with the argument of defense counsel that the statements by the trial court were tantamount to an impermissible and highly prejudicial comment on the evidence. As counsel stated to the court at the time: "Legal matters, legal rulings and discussions about the instructions are not matters for the information of the jury."

MR. JUSTICE ERICKSON authorizes me to state that he joins in this dissent.