**No. 26326**

**The People of the State of Colorado v. Orville Eugene Flanders**

(543 P.2d 63)

Decided December 8, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

The defendant-appellant, Orville Eugene Flanders, has appealed from the judgment and sentence which followed his conviction by a jury of burglary and theft. The sole issue on appeal is whether the district court erred in refusing to admit into evidence a transcript of portions of the preliminary hearing. We affirm.

A Conoco service station was burglarized. The defendant does not question the sufficiency of the evidence to support each and every element of the crimes charged. He claims that the preliminary hearing testimony of William T. Robinson, who was the owner of the Conoco station, was inconsistent with his testimony at the trial. On cross-examination, Robinson was confronted with his prior inconsistent statement, acknowledged the inconsistency, and the transcript was used by defense counsel to point out the differences in the testimony. The defendant contends that even though the inconsistency was thoroughly explored and brought to the attention of the jury by the the reading of the transcript, reversible error occurred when the trial judge refused to admit into evidence the transcript of the preliminary hearing.

In *Duran v. People,* 162 Colo. 419, 427 P.2d 318 (1967), the trial court refused to admit a transcript into evidence for purposes of impeachment based upon prior inconsistent statements. In affirming the trial court, we said:

"Richtel and Romero, in the trial below, were thoroughly examined on inconsistencies made by them at the first trial. They denied none, and admitted or explained all of the alleged contradictory testimony called to their attention. If a witness admits having made the contradictory statement in question, there is no necessity for proving them, and such statements are inadmissible."

*See Walker v. People,* 175 Colo. 173, 489 P.2d 584 (1971).

No purpose existed for admitting the transcript into evidence after the witness acknowledged the inconsistency and the inconsistency was made known to the jury.

Accordingly, we affirm.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY, and MR. JUSTICE LEE concur.