## No. 28403

**The People of the State of Colorado v. Francis Louis Benjamin**
(591 P.2d 89)

Decided February 26, 1979.                    Rehearing denied March 19, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Kathleen M. Bowers, Assistant, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Ilene P. Buchalter, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

The defendant was convicted by a jury of violating the first-degree assault statute, 1971 Perm. Supp., C.R.S. 1963, 40-3-202(1)(a)[1] for inflicting serious bodily injury upon another with a knife and was sentenced to a term of eight to twelve years at the Colorado State Penitentiary. He moved for resentencing under Crim.P. 35(b) on the basis that his prosecution, conviction, and sentencing for a class three felony under the first-degree assault statute instead of for a class four felony under the second-degree assault statute, 1971 Perm. Supp., C.R.S. 1963, 40-3-203(1)(b),[2] violated his right to equal protection under the Fourteenth Amendment to the United States Constitution. The trial court denied the motion. We affirm.

The issue raised by the defendant is whether sections 18-3-202(1)(a) and 18-3-203(1)(b), C.R.S. 1973, proscribe the same conduct. If so, prosecution and sentencing under the more severe penalties of the former statute would violate the defendant's constitutional rights to equal protection.

"18-3-202. Assault in the first degree.

"(1) A person commits the crime of assault in the first degree if:

"(a) With intent to cause serious bodily injury to another person, he causes serious bodily injury to any person by means of a deadly weapon . . .

. . . .

"(2) Assault in the first degree is a class 3 felony.

"18-3-203. Assault in the second degree.

"(1) A person commits the crime of assault in the second degree if:

. . . .

"(b) With intent to cause bodily injury to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon . . .

[1] Now section 18-3-202(1)(a), C.R.S. 1973. Subsequent references will be to the 1973 compilation.
[2] Now section 18-3-203(1)(b), C.R.S. 1973. Subsequent references will be to the 1973 compilation.

. . . .

"(2) Assault in the second degree is a class 4 felony."

The basis of the defendant's attack on this statutory scheme is his contention that "serious bodily injury" under section 18-3-202(1)(a) is indistinguishable from "bodily injury" under section 18-3-203(1)(b), C.R.S. 1973.

■ The following principles, as set forth in *People v. Summit,* 183 Colo. 421, 517 P.2d 850 (1974), guide this court's review of constitutional attacks on legislation: first, we presume that a statute is constitutional; second, one who assails a statute bears the burden of showing that it is unconstitutional. Finally, where the equal protection clause is invoked, absent a suspect classification, there need only be a rational basis to uphold the statute.

■ The standard for resolution of this issue was set forth in *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). A statutory attempt to differentiate terms and proscribe different penalties for each is unconstitutional if "the distinction is not sufficiently apparent to be intelligently and uniformly applied."

*Serious bodily injury* and *bodily injury* are defined in section 18-1-901, C.R.S. 1973, as follows:

"(c) 'Bodily injury' means physical pain, illness, or any impairment of physical or mental condition.

. . . .

"(p) 'Serious bodily injury' means bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body."

■ At least one difference between serious bodily injury and bodily injury is that of degree. In *People v. Martinez,* 189 Colo. 408, 540 P.2d 1091 (1975), we considered the distinction between these terms and stated: "The basic element is injury to a person's body, the difference being one of the degree of the injury." We reiterated that concept in *People v. Jackson,* 194 Colo. 93, 570 P.2d 527 (1977):

"We see nothing vague in the definition of 'serious bodily injury.' We believe it obvious to a juror that 'serious bodily injury' has as a threshold requirement a greater degree of intended injury than 'bodily injury.'"

■ The gravity of the injury required to sustain an assault prosecution under section 18-3-202(1)(a), C.R.S. 1973, is clearly greater than that required under section 18-3-203(1)(b), C.R.S. 1973. As such, the distinction between the terms "serious bodily injury" and "bodily injury" is sufficiently apparent to be intelligently and uniformly applied. The appellant has failed to meet his burden of proving that this statutory scheme violates his right to equal protection.

Accordingly, we affirm the district court order which denied defendant's motion for resentencing.