The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Gary Ivan JOHNSON,
Defendant-Appellant.

No. 83CA0151.

Colorado Court of Appeals,
Div. III.

Jan. 3, 1985.

Rehearing Denied Jan. 31, 1985.

Certiorari Denied June 24, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Gary Ivan Johnson, appeals from the judgment of conviction entered on jury verdicts finding him guilty of first degree sexual assault, second degree kidnapping, aggravated robbery, felony menacing, and three counts of violent crime. We affirm.

On March 8, 1982, at about 4:45 P.M., as the victim finished jogging in a greenbelt area, she saw a man near the gate to the parking lot where her car was parked. The man was wearing a leisure suit and cowboy hat, and she noticed a gun tucked in his pants. He followed her, pulled the gun, and forced her to drive to a different part of the greenbelt where he sexually assaulted her. He then took her car and left.

After waiting a few minutes, the victim walked to a nearby athletic club, located her boyfriend, and explained what had occurred. They then went to his apartment and called the police. Officer Bourgeois of the Wheatridge Police Department arrived at the apartment at approximately 6:00 P.M. She obtained a brief statement from the victim and then took her to the hospital for an examination. The officer stayed at the hospital until Detective Davidson arrived. Davidson interviewed the victim at the hospital after she was examined.

The following day, Davidson met with Detective White. White had been investigating a reported theft of a rental car. In connection with that investigation, he had obtained the defendant's name and address. Although White's investigation was independent of Davidson's investigation of the assault, upon locating the victim's car about a block from the address listed for defendant, White notified Davidson who met him at that location. Their investigation revealed defendant had clothing of the type worn by the man who had perpetrated the assault.

On March 10, Davidson showed the victim a photographic lineup containing a photograph of the defendant. She selected defendant's photo as the person who had assaulted her. On March 23, Davidson again showed a photographic lineup to the victim, and she again selected a photograph of the defendant as her assailant.

I.

Defendant first asserts that the trial court erred in admitting, over his hearsay objection, the testimony of the victim's boyfriend and the two detectives who described in some detail what the victim had told them shortly after the assault about the identity of her assailant and the perpetration of the offenses. Citing *People v. Montague*, 181 Colo. 143, 508 P.2d 388 (1973) and *People v. Lowe*, 39 Colo.App. 312, 565 P.2d 1352 (1977), defendant argues that while testimony of the fact of the

victim's complaint is admissible to corroborate the victim's testimony, the details of the occurrence are not. Under the circumstances here, we find no reversible error.

Defendant conceded that the victim was assaulted as she described. He based his defense upon the reliability of her identification of him as her assailant.

■ CRE 801(d)(1)(C) provides that a statement is not hearsay if:

"The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... one of identification of a person made after perceiving him ...."

Hence, if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the out-of-court statement of identification then the statement is admissible through another witness as nonhearsay. *See Anderson v. Maggio,* 555 F.2d 447 (5th Cir.1977); *United States v. Elemy,* 656 F.2d 507 (9th Cir.1981); *United States v. Cueto,* 611 F.2d 1056 (5th Cir. 1980); *United States v. Lewis,* 565 F.2d 1248 (2d Cir.1977), *cert. denied,* 435 U.S. 973, 98 S.Ct. 1618, 56 L.Ed.2d 66 (1978). *See also United States v. Ingram,* 600 F.2d 260 (10th Cir.1979); *United States v. Fritz,* 580 F.2d 370 (10th Cir.1978), *cert. denied,* 439 U.S. 947, 99 S.Ct. 340, 58 L.Ed.2d 338 (1978).

■ Here, the testimony in question was introduced after the victim had testified, while she remained available, and after she had been subjected to intensive cross-examination concerning her identification of defendant as the assailant. It was introduced to rebut the implication raised by the defense that the identification was influenced by suggestive procedures, that it arose from the victim's need to feel secure, and that the victim had varied her description over time. The officers' testimony tended to show that within hours after the assault the victim had given three descriptions of her assailant, all of which were very similar to each other and were in accord with her trial testimony. *See Anderson v. Maggio, supra.*

■ We hold that the limitation of the "recent outcry doctrine," *see People v. Montague, supra; People v. Lowe, supra,* which excludes descriptive details of the assault, has no application here because the fact of the sexual assault was conceded and the only issue was the identity of the assailant. Thus, the statements of all three witnesses are admissible as nonhearsay under CRE 801(d)(1)(C), relevant to the critical issue of identification. *See* CRE 401 and 403.

■ Although the better practice would be to limit the testimony to statements relevant to the identity of the assailant, any error in admission of statements concerning commission of the criminal acts was harmless. CRE 103; Crim.P. 52(a). This testimony was merely cumulative and could not have been prejudicial because it was conceded that these offenses were committed by someone.

II.

Defendant also argues that White's testimony about the rental car implied that defendant was involved in other criminal activity and that, therefore, it was inadmissible as tending to show that the accused had committed a crime wholly independent of the offenses for which he was on trial. We disagree.

■ White testified that he found the victim's car parked less than a block from defendant's apartment. He explained that he had located her car because he had been in the area looking for a car rented by a Gary Johnson. No mention was made before the jury that the rental car had been reported stolen. There is nothing in the record to substantiate defendant's argument that White's testimony implied that defendant had stolen a rental car. *See People v. Garcia,* 186 Colo. 167, 526 P.2d 292 (1974).

III.

Defendant next contends that the trial court erred in admitting into evidence several tubes of glue found in his duffel bag

because the prejudicial effect outweighed their probative value in that they tended to indicate that the defendant was a glue sniffer.

 The victim testified that her assailant had a distinctive odor on his breath which smelled like paint thinner. Thus, tubes of glue were relevant to the key issue of identification. There was no abuse of discretion by the trial court under CRE 403. *See People v. Lowe*, 660 P.2d 1261 (Colo.1983).

### IV.

Finally, defendant argues that he was prejudiced by an improper closing argument in which the district attorney advanced incorrect definitions of deadly weapon. Once again, we disagree.

 Two deputy district attorneys tried the case and presented closing arguments. Although the first deputy used the correct definition of deadly weapon in quoting from the court's instructions, in his rebuttal argument the second deputy improperly defined deadly weapon. However, the trial court sustained defendant's objection and instructed the jury to disregard the remarks. Furthermore, in the general charge, the trial court gave instructions defining correctly deadly weapon and directed the jury not to consider the arguments of counsel as evidence or matters to which objections had been sustained.

 Any misleading impression about the law left by the district attorney's rebuttal argument was cured by the court's correct instructions on the subject. *See United States v. Peister*, 631 F.2d 658 (10th Cir.1980), *cert. denied*, 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981). We presume the jurors followed the court's instructions, *see People v. Harris*, 633 P.2d 1095 (Colo.App.1981), and, thus, reversible error did not occur. *See People v. Sanchez*, 40 Colo.App. 552, 580 P.2d 1270 (1978); *People v. McKnight*, 39 Colo.App. 280, 567 P.2d 811 (1977).

Judgment affirmed.

BERMAN and METZGER, JJ., concur.