The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Leonard George WILSON,
Defendant–Appellant.

No. 87CA1911.

Colorado Court of Appeals,
Div. I.

April 19, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Beckner & Nottingham, P.C., Marna M. Lake, Grand Junction, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, Leonard George Wilson, appeals from the judgment of conviction entered on jury verdicts finding him guilty of assault-during-escape and aggravated robbery. We affirm.

The charges arise out of defendant's escape from the Mesa County jail in November 1978 while awaiting disposition of an earlier escape charge. During the escape, defendant and another inmate, George Wilson Clark, overpowered a jail officer. Clark grabbed the officer in a half-headlock, placed a handmade knife against the officer's neck, and threatened to kill him.

Defendant touched the officer's stomach with a similar knife. Defendant and Clark took the officer's keys, tied him up, and left him in a cell after taking his money and boots.

Upon escaping from the jail, defendant and Clark broke into the garage of Frank and Rosalie Williams. When Mrs. Williams entered the garage, defendant and Clark took her car keys and tied her up. Clark entered the house, found Mr. Williams, and threatened him with a pair of scissors while demanding money. Defendant then brought Mrs. Williams into the house. After both victims were tied up, defendant and Clark ransacked the house and took several items which would aid in their escape. They were captured a short time later.

Defendant was convicted of numerous offenses arising from this criminal episode. However, only defendant's convictions for assault-during-escape and aggravated robbery are at issue here.

I.

Defendant contends that there is insufficient evidence in the record to support his conviction of assault-during-escape. We disagree.

 A conviction will not be overturned for insufficient evidence if the evidence, viewed in the light most favorable to the prosecution, establishes the essential elements of the crime. *People v. Jensen*, 747 P.2d 1247 (Colo.1987). An assault with the intent to commit bodily injury with a deadly weapon is an element of assault-during-escape under the statute then in effect. Colo.Sess.Laws 1971, ch. 121, § 40-8-206(1) at 458. *Cf.* § 18-8-206(1), C.R.S. (1986 Repl.Vol. 8B) (relevant language identical).

 Here, the evidence established that defendant touched the officer with a knife, tied him up, and then made his escape. But, the evidence is insufficient to prove that defendant's act of touching the officer with a knife was an assault intended to

cause injury or was "by means of force likely to produce serious bodily injury," as alleged in the information. *See People v. Benjamin*, 197 Colo. 188, 591 P.2d 89 (1979).

The People's argument is based on the holdings in *Johnson v. People*, 174 Colo. 413, 484 P.2d 110 (1971) and *People v. Goff*, 187 Colo. 57, 530 P.2d 512 (1974). However, those cases are distinguishable in that they were decided under the former criminal code.

In *Johnson* and *Goff*, the court held that a threat with a knife was an assault under former C.R.S.1963, 40-2-33, and that specific intent to injure could be inferred from such a threat. But, under the amended criminal code, as applicable here, a threat made knowingly to cause fear of imminent serious bodily injury by use of a deadly weapon constitutes felony menacing, a charge not included in the information. Colo.Sess.Laws 1977, ch. 224, § 18-3-206 at 961. The former code, by contrast, had no equivalent crime. *See* C.R.S.1963, 40-2-33, et seq. Hence, to hold, under the present criminal code, that a threat with a deadly weapon constitutes an assault with intent to commit bodily injury would eliminate any distinction between the crimes of menacing and assault with intent to commit bodily injury.

Therefore, defendant's act of touching the knife to the officer's person was not sufficient to establish the elements of assault-during-escape.

■ The jury was instructed as follows: "A person is guilty of an offense if it is committed by another for whom he is legally accountable. A person is legally accountable for the behavior of another constituting a criminal offense if, with intent to promote or facilitate the commission of the offense, he aids, abets, or advises such other person in planning or committing the offense."

Accordingly, because the defendant aided and abetted Clark in the escape, we must review Clark's actions to see if they meet the elements of assault-during-escape. Clark brought his arm around the officer's neck with his hand under the officer's chin, forcing the chin up so that he could place a knife to the chin, and then made a threat against the life of the officer. These actions were sufficient for a jury to conclude that Clark assaulted the officer with intent to inflict bodily injury.

Because defendant aided Clark in this assault, there is also sufficient evidence for a jury to find defendant guilty of assault-during-escape.

## II.

Defendant also contends that there was insufficient evidence to support his conviction of aggravated robbery as a complicitor under Colo.Sess.Laws 1971, ch. 121, § 40-1-703 at 406. He argues that, because no evidence was presented that he knew his companion in the escape would use a pair of scissors found in the robbery victims' house to threaten one of the robbery victims, the prosecution failed to prove his intent to promote or facilitate the commission of the offense. We disagree.

■ Conviction as a complicitor, under the complicity statute, requires that: (1) the principal committed the crime; (2) the complicitor had knowledge that the principal intended to commit the crime; and (3) the complicitor aided or encouraged, with specific intent to aid or encourage, the principal's commission of the crime. *People v. Calvaresi*, 198 Colo. 321, 600 P.2d 57 (1979).

■ Prior knowledge may be shown by circumstantial evidence. *See People v. Larson*, 194 Colo. 338, 572 P.2d 815 (1977); *People v. Marques*, 184 Colo. 262, 520 P.2d 113 (1974). Proof that the complicitor had *some* knowledge of the principal's offense may be sufficient. *See Dressel v. People*, 178 Colo. 115, 495 P.2d 544 (1972) (under former accessory statute).

■ Here, the evidence was sufficient to establish that defendant knew that his com-

panion had a knife in his possession and planned to rob the male robbery victim after both men were informed by the woman victim that her husband was in the house.

### III.

Finally, the defendant asserts that the jury was not properly instructed on the elements of assault-during-escape. He contends that the trial court committed error by failing to instruct properly on the meaning of "assault" and by not instructing the jury on the meaning of "attempt" and "serious bodily injury."

 In this case, the instructions, which were not objected to, adequately inform the jury of the elements of assault-during-escape when read as a whole. The instruction in question tracks the language of § 18–8–206, C.R.S. (1986 Repl.Vol. 8B), as well as COLJI–Crim. No. 26:6. An elemental instruction in the language of the statute is usually sufficient to advise the jury of the nature of the offense. *See People v. Brewer*, 720 P.2d 583 (Colo.App. 1985).

██ Here, the jury was provided with definitions of "bodily injury," "deadly weapon," and "assault." While the suggestion is made in the notes on use to COLJI–Crim. No. 26:9 that an instruction also be given as to "serious bodily injury," this practice aid was not present in the pattern jury instructions as they existed at the time this case was tried and, under all of the facts in this case, its omission would not have changed the outcome of this trial. See *People v. Romero*, 689 P.2d 692 (Colo. App.1984).

The defendant also contends that the jury should have been given an instruction on the meaning of "attempt." Applying a plain error standard to the facts of this case, we conclude that it was not reversible error to eliminate this definition. *People v. Weller*, 679 P.2d 1077 (Colo.1984). The instructions given adequately inform the jury

of the elements of assault-during-escape and any imperfections do not rise to the level of plain error. *People v. Romero, supra.*

The judgment of conviction on both charges is affirmed.

METZGER and REED, JJ., concur.