FLINT & PERE MARQUETTE RAILWAY CO. v. JOHN B. WEIR.

*Loss of Free Baggage.*

Damages for the loss of baggage cannot be recovered in assumpsit against the carrier, if the baggage was carried free. An action of tort however, lies for negligent loss.

A railway company carrying baggage free is held to no greater diligence than any other gratuitous bailee.

Public policy requires that common carriers should exercise the same extreme care in carrying persons free as in carrying them for hire.

Where the facts are not embodied in a finding, and the Supreme Court can not therefore enter final judgment on reversal, a new trial is ordered.

Error to Saginaw.   Submitted June 8.   Decided June 19.

ASSUMPSIT.   The facts are in the opinion.

*Wm. L. Webber* for plaintiff in error.   In a declaration against a common carrier for loss of baggage, the termini of the journey should be accurately stated, *Tucker v. Cracklin,* 2 Starkie, 385; 1 Chitty's Pl., 386, 305, 385; *Leery v. Goodson,* 4 T. R., 687; 1 Saunders' Pl. and Ev., 730; the contract must be proved as laid. *Underwood v. Waldron,* 12 Mich., 73; *Harrington v. Worden,* 1 Mich., 487. The conditions endorsed upon a free pass bind the passenger, whose assent to them is presumed when he accepts the pass. *Bissell v. N. Y. C. R. R. Co.,* 25 N. Y., 442; *Hawkins v. Gt. Western Ry. Co.,* 17 Mich., 57; *Great Western Ry. Co. v. Hawkins,* 18 Mich., 427.

*Thompson & Tarsney* (on brief) for defendant in error, claimed that a railway corporation is responsible for injuries sustained by gratuitous bailees in either person or property, and cited the cases reviewed in the opinion, and *Gillenwater v. Madison, etc., R. R. Co.*, 5 Ind., 339; *Indiana Central Ry. Co. v. Mundy*, 21 Ind., 48; Redf. on Railways, 49; Pierce on Railways, 475. Carriers cannot contract against their own negligent acts. *N. Y. Cent. R. R. v. Lockwood*, 17 Wall., 357.

COOLEY, C. J.  The manner in which this case is submitted makes the record present substantially this question: Whether in the court below there was any evidence tending to prove the plaintiff's case?  The action was begun in justices' court, and the declaration is as follows:

"Saginaw County—ss.    John B. Weir, plaintiff herein, complains of the Flint and Pere Marquette Railway Company, defendant herein, in a plea of trespass on the case upon promises; for that whereas, the said defendant, before and at the time of the delivery of the goods and chattels to said defendant, as hereinafter mentioned, was and from thence hitherto hath been and now is a common carrier of passengers and baggage, and goods and chattels, for hire, to and from Detroit, in the State of Michigan, to East Saginaw, Jackson, Lansing and Saginaw railroad crossing and Saginaw city, in the State of Michigan; and as such common carrier, the said plaintiff, on the 9th day of November, A. D. 1875, took passage on the railway and cars of said defendant, from Grand Trunk Junction, in the county of Wayne, to Saginaw, in the county of Saginaw; and did then and there deliver to said defendant and the said defendant then and there accepted and received of and from the said plaintiff certain goods and chattels of the said plaintiff, to wit: one trunk, one silk finished dressing gown, [etc., naming several other articles] of great value, to wit: of the value of three hundred dollars, to be safely and securely carried and conveyed by the said defendant, from Grand Trunk Junction aforesaid, to Saginaw aforesaid, and then, to wit: at Saginaw aforesaid, safely and securely to

be delivered to said plaintiff, for certain reasonable hire and reward paid to said defendant in that behalf, and the said defendant, then and there, in consideration of said hire and reward, undertook and faithfully promised the plaintiff to safely and securely carry and convey the said plaintiff and said goods and chattels, from Grand Trunk Junction aforesaid, to Saginaw aforesaid, and to take good and proper care of said goods and chattels, and in and about its carriage and conveyance of the same, and the delivery thereof, as aforesaid; yet the said defendant, not regarding its said promises and undertaking in that behalf, did not safely and securely convey and deliver the said goods and chattels to the said plaintiff, but so carelessly and negligently conducted itself with respect to said goods and chattels that by and through the negligence, carelessness and improper conduct of said defendant, and its servants, in that behalf, that said goods and chattels, being of great value, to wit: of the value of three hundred dollars, became and were wholly lost to the said plaintiff, to wit: at Saginaw, aforesaid; by means whereof the said plaintiff hath sustained damages in the sum of three hundred dollars; which said sum of money the said defendant then, to wit, at Saginaw aforesaid, undertook and promised to pay the said plaintiff," etc.

The evidence was put into the case by stipulation, and in the main the facts are undisputed. It appears that the plaintiff took passage upon the cars of the defendant from Detroit to Saginaw, and that he had with him a trunk, which he avers contained the articles of personal property described in the declaration. This trunk has been lost, but whether through any fault of the railway company is in dispute. It is, however, shown by the plaintiff himself that both he and his trunk were being carried, not for hire and reward, but gratuitously. There was consequently no contract for carriage by the railway company, and this action, which is in assumpsit, cannot be maintained. *Nolton v. Western R. Corp.*, 15 N. Y., 444, 446.

There can be no question that a railway company which receives property for gratuitous carriage, assumes, like any other gratuitous bailee, certain duties in respect to it, and

37 MICH.—15.

that a suit will lie for a failure to perform these duties. But the obligation in such case is quite different from the obligation of a bailee who, for a consideration received or promised, undertakes to carry or to perform any other service with respect to the subject of the bailment. In the latter case the terms of the contract, if an express contract was made, will be the measure of the duties to be performed, and in the absence of any express contract the law itself will impose upon the bailee a higher degree of care and watchfulness than it demands of him who, for the mere accommodation of the bailor, undertakes the charge of his goods. The gratuitous bailee must not be reckless; he must observe such care as may reasonably be required of him under the circumstances; but it is not the same care which is required of the bailee who, for his own profit, assumes the duty. This is elementary, and is so reasonable that it requires no discussion. When care is bargained for and compensated, something is expected and is demandable beyond what can be required of him who undertakes a merely gratuitous favor.

Reliance is placed by the plaintiff upon certain cases which are supposed to have decided that the obligation of a railway company to carry safely is unaffected by the fact that no fare was paid. None of them so decides. *Todd v. Old Colony, etc., R. R. Co.*, 3 Allen 18, was an action for an injury to a person who was riding without payment of fare. The court recognized the obligation of the carrier to observe due and reasonable care, but expressly said that it did not appear that the facts proved at the trial rendered it material to consider whether a less degree of care was demandable than in cases where fare is paid. In *Nolton v. Western R. Corp.*, 15 N. Y., 444, 450, which was an action for injury to a mail agent carried on the cars under contract with the government, it is said that "the matter of compensation may have a bearing upon the degree of negligence for which the company is liable," but no decision on that point became necessary. In *Perkins v. N. Y. Cent. R. R. Co.*, 24 N. Y., 196, the question was how far it was competent for a carrier of persons to contract for an

exemption from liability for injuries caused by negligence. Incidentally it was remarked (p. 200) that a carrier undertaking to carry one gratuitously "must do it carefully, as with other passengers." By this we understand that, as in other cases, they must carry with care; not necessarily that they must carry with the same degree of care as in other cases. The court does not even by dictum go so far as that. In *Ohio & Miss. R'y Co. v. Selby*, 47 Ind., 471, the action was for a personal injury, and it was found by the court that the plaintiff was being carried for hire. In *Jacobus v. St. Paul, etc., R'y Co.*, 20 Minn., 125, which also involved the question of the right to contract for exemption from liability for injuries arising from negligence, there is a dictum that "the same extreme care is required" where a passenger is carried gratuitously as in other cases. For this the cases already referred to are cited as authority, and also the two which follow: *Phil. & Reading R. R. Co. v. Derby*, 14 How., 468. In this case the jury found the injury to have been the result of gross negligence, and the court (pp. 485–6) expressly decline to express an opinion whether the care demandable by one who is being carried gratuitously is the same that is due to those carried for hire. *Steamboat New World v. King*, 16 How., 469. The same remark may be made of this case as of the last. But we do not care to comment upon these cases, or to say more of them than this: that the right of recovery in each of them where the carriage was gratuitous was based upon the duty of one who undertakes to carry persons, to carry them safely, a duty independent of any contract, and which the carrier owes, not exclusively to the person being carried, but also to the state itself. In such a case, especially if the mode of carriage is peculiarly subject to dangerous and destructive accidents, the carrier may well be required to observe a high degree of care and diligence. But where only property is in question, there is no reason why any different rule should be applied to a railroad company taking charge of property gratuitously, to that which governs the relation in the case of any other gratuitous bailment. Nor is it material that the gratuitous carriage of a trunk was

accompanied by the gratuitous carriage of a person: the duty to carry the trunk safely was only the same that the law would have imposed had the trunk been taken upon a freight train gratuitously; and no greater degree of care could be demanded in one case than in the other. It may therefore be conceded that the same extreme care is demandable of carriers of persons in all cases, where injuries to persons are in question, and the concession will not in any manner affect the present suit.

But as the plaintiff has brought his action, not in tort but upon contract, there can be no recovery under his declaration, and the extent of the duty which under the circumstances was imposed upon the railway company becomes immaterial. The judgment must be reversed, with costs, but as the facts are not embodied in a finding by the circuit judge, so as to permit of our entering final judgment in this court, a new trial must be ordered.

The other Justices concurred.