[No. 6203.]

THE DENVER & RIO GRANDE RAILROAD COMPANY v. JOHNSON.

1.  Passenger Carrier—Baggage—Even an article which is properly baggage, cannot be checked on the ticket of one not the owner thereof.—(188, 189)

Baggage includes such articles of necessity or convenience as are usually carried by the traveler for his personal use, comfort, or protection, during his journey. What articles are within the category depends, in some measure, upon the circumstances of each case.—(189)

The carrier may lawfully require that a gun should be carried as baggage, only when in a case; and when such a rule has been prescribed, the carrier may refuse to accept or carry the weapon, unless the rule is complied with.—(189)

The baggage-master is not under duty to inquire as to the contents of a bundle offered for carriage, which is similar to those commonly carried as baggage; and where such a bundle is accepted, with a gun concealed therein, and its presence is not, at the time, brought to the attention of the carrier's agent, it is not to be regarded as baggage.—(189, 190)

2.  ——Free Passenger—Where the passenger rides free the carrier is liable for his baggage, only where its loss is occasioned by the carrier's negligence, not contributed to by the negligence of the passenger.—(190)

A passenger who delivers to the carrier an article which is not baggage, concealed in a bundle such as are usually carried as baggage, without informing the carrier of its presence, must be held to contribute, by this concealment, to the loss of the article, and has no action therefor.—(190, 191)

3. Appeals—Excessive Damages—An award of damages, in excess of what is shown by the evidence, is error.—(191)

4. Evidence—Admissions of Law—The court is not concluded by the agreement of counsel as to the law.—(190)

*Error to Pitkin County Court*—Hon. HENRY C. ROGERS, Judge.

Mr. E. N. CLARK, Mr. F. S. TITSWORTH and Mr. W. R. KING for plaintiff in error.

Mr. VINCENT JOHNSON, defendant in error, *pro se.*

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff was riding on a free pass from Aspen to Denver, accompanied by his son, who had a ticket which was paid for. Plaintiff was bringing his son to Denver for treatment for lameness. Before leaving Aspen, plaintiff presented to defendant's agent two bundles which purported to be baggage, which the agent received and checked through to Denver as plaintiff's own baggage. In one of these bundles were boat slats and some other articles, including a gun, all of which were covered and wrapped up in a bed quilt, and tied together with a rope. When the bundle was received by plaintiff at Denver, it was cut open, or untied, and the gun was missing. The company, not being able satisfactorily to account for the loss, plaintiff brought this action to recover the value of the gun, and had judgment for $50, to review which defendant prosecutes this writ of error. There is no evidence that the bundle was checked on the ticket of the son rather than on the pass of the father. But, as the gun belonged to plaintiff, it could

not be properly checked on the ticket of the son as the latter's personal baggage, even if it was that species of property. So we dispose of the case on the warranted assumption that the checking was on the pass. Defendant was accustomed to check such bundles when they contained nothing but baggage. The plaintiff did not tell the baggage agent that this package contained a gun. It was the custom, or rule, of the railroad company to check guns as personal baggage when they were in cases, whenever the owner, as a sportsman, or when going on a hunting expedition, wished to take them along with him. There is no evidence that plaintiff was going on a hunting expedition, or that he needed the gun for his own comfort or convenience, protection, or defense, on the journey from Aspen to Denver. The term "baggage" includes such articles of necessity or convenience as are usually carried by passengers for personal use or comfort or protection during the continuance of a journey, and what constitutes baggage in any given case depends, in some measure, upon its own circumstances. It has been decided that a weapon which one is in the habit of carrying or taking with him for purposes of defense or protection during a journey, may come within the term baggage. It certainly is not an unreasonable custom for a common carrier to require guns to be carried in cases as a condition to their transportation as personal baggage, and it is not unreasonable, or a breach of a carrier's duty, to refuse to carry a gun wrapped up as this one was. The baggage agent testifies that, under the rule of the company, he would not have checked this bundle as baggage had he known that a gun was in it. Presenting as baggage this package or bundle, which was similar to bundles containing baggage, was, by implication, a representation to the carrier that it contained nothing but baggage. There is no evidence of the carrier's knowledge of the con-

tents, and it was not incumbent upon the agent to inquire what the package contained. He had a right to assume that it was only that which plaintiff, by his conduct, represented it to be. It would seem, therefore, under the authorities, that a recovery for its loss could not be had in such circumstances, even though plaintiff was a passenger for hire.—6 Cyc. p. 666.

From another viewpoint, the evidence does not warrant the judgment. The parties are in accord that, whatever may be the rule as to the liability of a carrier for injuries to a passenger who rides upon a free pass, if a passenger is carried gratuitously, the carrier is liable for his baggage only as would be any other carrier of goods without compensation; that is, for such negligence as would charge a gratuitous bailee. Among other authorities are cited: 6 Cyc. 633; Hutchinson on Carriers (3d ed.), sec. 1300; *Flint & P. M. Ry. v. Weir*, 37 Mich. 111; *Holly v. Southern Ry. Co.*, 119 Ga. 767; 3d Thompson on Negligence (2d ed.), secs. 3410-66. The fact that opposing counsel may agree upon a proposition of law, does not commit the court to its approval. Their stipulation as to the law of a given case is no more binding on the court than is their concurrence as to the meaning or validity of a statute. But since plaintiff does not question the foregoing legal principle, but grants its correctness, and bases his right to recover, as to this branch of the case, solely on the alleged proof of defendant's negligence as a gratuitous bailee, we are not required to decide the true nature and extent of defendant's liability, but shall pass upon plaintiff's own contention with respect to it. There may be evidence tending to establish defendant's negligence. If there is, it is just as certain that, contributing therewith to the loss of the gun was plaintiff's own wrongful conduct in presenting to defendant's agent the bundle without divulging its contents, thereby se-

curing transportation of it upon the supposition that it contained only his personal baggage, when the rule of the company forbade the checking of a weapon wrapped up in a bundle, and allowed it only when enclosed in a proper case.

The judgment is wrong for another reason. The only bit of evidence in the record as to the value of the gun is the statement of plaintiff that he thought it was worth about $35, and yet the court rendered judgment for $50. There was no evidence that the other articles enclosed in the bundle were not delivered to plaintiff. Much less was there any evidence that any of them were damaged in the slightest degree. Plaintiff's claim, therefore, that it is only fair to assume that the trial court included in the $50 judgment $15 for loss or injury to these other articles, is wholly unfounded. This error of itself would not require a reversal of the judgment, for plaintiff expresses a willingness to remit $15 of the judgment if it should be affirmed as to the remainder; but, as the judgment was radically wrong for the other reasons, it must be reversed in its entirety.     *Reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GARRIGUES concur.