The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

John W. REDDICK,
Defendant-Appellant.

No. 79CA0079.

Colorado Court of Appeals,
Div. III.

May 8, 1980.

J. D. MacFarlane, Atty. Gen., David W.
Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Susan P. Mele-Sernovitz,
Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public
Defender, Robert Breindel, Deputy State
Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant appeals his conviction of
second degree forgery. We reverse.

Defendant raises two contentions of error on appeal, both relating to the selection of the jury. Defendant contends that the trial court erred in denying his motion for mistrial and an alternative motion to quash the jury panel on the grounds that the trial court failed to comply with the provisions of § 16–10–103(2), C.R.S. 1973. He also contends that the trial court erred in denying his challenge for cause of a prospective juror who had once taken a real estate law class taught by the prosecutor, was married to a police officer, and was acquainted with a number of other police officers, one of whom was listed as a prosecution witness.

## I.

■ It is apparent from the record that the trial court failed to comply with the requirements of § 16–10–103(2), C.R.S. 1973 (1978 Repl.Vol. 8), which states as follows:

"If any juror knows of anything which would disqualify him as a juror or be a ground for challenge to him for cause, it is his duty to inform the court concerning it whether or not he is specifically asked about it. The jury panel shall be advised of this duty and of the grounds for challenge for cause before any prospective jurors are called to the jury box."

Here, the trial court failed to so advise the jury panel until after 13 prospective jurors had been seated in the jury box and the prosecutor had completed his voir dire. At that point, defendant moved for a mistrial or in the alternative to quash the jury panel based upon the trial court's failure to advise the jury panel of the grounds for challenge for cause. The trial court denied the defendant's motions and proceeded, prior to defendant's voir dire of the prospective jurors, to advise the jury panel of the grounds for challenge for cause as set forth in § 16–10–103(1)(a) through (k), C.R.S. 1973 (1978 Repl.Vol. 8), and of the prospective jurors' responsibility to advise the court if any of the stated grounds applied to them. None of the prospective jurors advised the trial court that they should be disqualified based on any of the grounds specified.

While we agree that the trial court erred in not complying with the provisions of § 16–10–103(2), C.R.S. 1973, the defendant has not shown that he was prejudiced by this error or that his substantial rights were in any way affected. The trial court's error, therefore, was rendered harmless by the trial court's subsequent statements to the jury panel. See Walker v. People, 175 Colo. 173, 489 P.2d 584 (1971).

## II.

During the voir dire of one of the prospective jurors, the presiding judge was notified of a death in his family and another judge took his place for the rest of the trial. Prior to the change of judges, the juror being questioned had stated that she had once taken a course in real estate law taught by the prosecutor, and as a result, she thought the prosecutor was a very intelligent person and would tend to favor his judgment. When further questioned by the trial court as to whether her acquaintance with the prosecutor would prejudice her in favor of the State, however, the juror replied, "No, not really."

The juror also stated that she was acquainted with a police officer who would be a witness for the prosecution, that her husband was a police officer, and that the name of a police officer who was to testify as a defense witness sounded familiar to her. Upon further questioning by the trial court, the juror stated that these factors would not have a bearing upon her ability to be a fair and impartial juror.

After the change of judges, the same juror was questioned extensively by defense counsel on the same subjects. Defendant contends the trial court erred in denying his challenge for cause of this prospective juror because the judge who refused the request was not present during the initial voir dire testimony, and because the prospective juror was shown to be significantly biased. This juror was later excused on a peremptory challenge. The defendant used all of his peremptory challenges.

Great discretion has been vested in the trial courts in assessing the impartiality of jurors. *Hanes v. People*, Colo., 598 P.2d 131 (1979). In this case, however, we rule that discretion has been abused. While no one of the above factors alone would have required that this juror be excused for cause, the combination of factors reflecting her close association with the law enforcement establishment required her dismissal for cause. Despite her somewhat ambivalent statements that these factors would not affect her ability to be a fair and impartial juror, the possible unconscious influence of her respect for the prosecutor and her relationship with police officers was such as to have significant impact on defendant's right to an impartial jury. *Beeman v. People*, 193 Colo. 337, 565 P.2d 1340 (1977).

Judgment reversed and cause remanded for new trial.

BERMAN and VAN CISE, JJ., concur.