The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Cary Gano ROGERS, Defendant-Appellant.

No. 82CA1082.

Colorado Court of Appeals, Div. I.

June 7, 1984.

Rehearing Denied July 5, 1984.

Certiorari Denied Nov. 5, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Terri L. Brake, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Cary Gano Rogers, was charged with first degree murder and first degree kidnapping following a shooting death which occurred outside a tavern in Adams County. Following a jury trial, the defendant was convicted of first degree murder, acquitted of first degree kidnapping, and was sentenced to a term of life imprisonment. He appeals, and we reverse and remand for a new trial.

I.

The defendant first contends that the trial court abused its discretion by denying his challenge for cause to a potential juror, R.A. Teter. We agree.

The trial court was informed, during voir dire, that Teter was a fireman employed by the Rocky Mountain Arsenal. His duties included conducting arson investigations and gathering information for future prosecutions. Also, he was trained as an emergency medical technician, and in that capacity had on two occasions attended to shooting victims at the tavern in question. Tet-

er had worked with the Adams County District Attorney's office on a number of prosecutions, and had consulted in the past with the prosecutor who tried this case.

Teter dealt with members of the Commerce City Police Department on a daily basis, and was personally acquainted with nearly all the members of the Adams County Sheriff's Department. He had talked with a co-employee, an emergency medical technician, who had responded to the shooting in question, and who had attended the victim shot in this case.

When asked if he could be fair and impartial, considering his law enforcement associations, Teter responded:

"I would like to think I could be, you know, fair to both sides. Like I say, I do work with them [law enforcement agencies and the district attorney] every day and stuff like that but I think I could you know, draw the line as to—I'm not a law enforcement official, or however that goes."

However, when asked if he thought that these associations would influence his ability to make an impartial decision he said: "Well, I don't think with a man's life that I would be, but possibly I guess there is always in the back of your mind."

■ Great discretion is vested in the trial court in assessing the impartiality of jurors. *Hanes v. People*, 198 Colo. 31, 598 P.2d 131 (1979). Here, this discretion was abused.

We do not hold that Teter was an employee of a public law enforcement agency thus requiring his discharge as a juror under § 16-10-103(1)(k), C.R.S. (1978 Repl. Vol. 8), and Crim.P. 24(b)(1)(XII). We do hold that the combination of factors involved: Teter's close association with not only the law enforcement establishment, but also with this crime scene, and with the co-employee who had attended to this murder victim, required his dismissal for cause. *See People v. Reddick*, 44 Colo.App. 278, 610 P.2d 1359 (1980).

■ As a result of not excusing Teter, the defendant, who exercised all of his challenges, was deprived of his statutorily granted number of peremptory challenges because he was forced to use one of them to exclude Teter. Had the challenge been sustained, the composition of the jury would have been different, and we may not speculate what effect this might have had upon the trial's outcome. *People in Interest of R.A.D.*, 196 Colo. 430, 586 P.2d 46 (1978); *Skeels v. People*, 145 Colo. 281, 358 P.2d 605 (1961). Thus, the error was prejudicial. *People v. Maes*, 43 Colo.App. 365, 609 P.2d 1105 (1979).

## II.

Defendant raises two other assertions of error which must be addressed because it is likely they will arise upon retrial of this case. First is the contention that the trial court erred in refusing to instruct the jury correctly on the probative value of evidence about the victim's bad character. There was no error.

■ Defendant, who raised the affirmative defense of self-defense, presented evidence that the victim had a reputation for being violent and quarrelsome when drinking, and that he had a reputation for carrying a gun.

Generally, "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion ...." CRE 404(a). However, CRE 404(a)(2) permits the introduction of:

"Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor ...."

The trial court gave the following instruction regarding the victim's character:

"You are instructed that the knowledge, if any, of the Defendant of [the victim's] character for possession of weapons and violence is a factor to be considered by you in determining the intent with which the Defendant acted and the reasonableness of the Defendant's expectation of

great bodily injury or death and his subsequent action."

Defendant, however, tendered an additional instruction that the victim's reputation for carrying a weapon was a factor which the jury could consider in determining whether he acted in conformity with his character and carried a gun at the time of the shooting.

Defendant argues it was error to refuse this instruction because a crucial issue in this case was whether the victim was carrying a gun, which he was reaching for, at the time defendant shot at him.

On the contrary, the crucial issue in the case was what defendant *believed* the victim was going to do—pull a gun—rather than what the victim *actually* did. There was no evidence presented that the victim was carrying a gun on this occasion. In fact, no gun was found in the victim's possession following the shooting, and the defendant admitted that he did not see a gun. Instead, he testified that he *believed* that the victim was reaching for a gun because he had seen him carrying a gun in the pocket of his vest on previous occasions.

A defendant is entitled to a jury instruction on his theory of the case when it is based on the evidence. *People v. McKnight*, 626 P.2d 678 (Colo.1981). Here, however, there was no evidentiary foundation for this tendered instruction, and the instruction given regarding the victim's character was appropriate.

### III.

Defendant also argues that the trial court erred in giving a "flight" instruction, and in giving it in an improper form. We disagree.

■ Defendant is correct that flight instructions are disfavored because they may focus unduly on one item of evidence, and their application has been restricted to those cases where the peculiar facts make it essential. *People v. Larson*, 194 Colo. 338, 572 P.2d 815 (1977). However, where a defendant has reason to believe that he has committed a crime, that his identity is known, that his pursuit and apprehension

would probably ensue, and he flees or conceals himself for any length of time to frustrate his apprehension, the giving of a flight instruction does not constitute error. *Robinson v. People*, 114 Colo. 381, 165 P.2d 763 (1946); *People v. Armendariz*, 684 P.2d 252 (Colo.App.1983).

We conclude that the evidence supported such an instruction in this case, and it was not error for the instruction to be given. *People v. Armendariz, supra.*

■ The court omitted from the instruction the sentence: "It is for you to determine from the evidence whether such flight was caused by a consciousness of guilt or by some other and innocent motive." On retrial, the language should be used. *See People v. Larson, supra; People v. Armendariz, supra.*

The judgment is reversed and the cause is remanded for a new trial on the charge of first degree murder.

PIERCE and BABCOCK, JJ., concur.