### The PEOPLE of the State of Colorado, Plaintiff–Appellee,

### v.

### Eumelio HERNANDEZ, Defendant–Appellant.

### No. 89CA0441.

Colorado Court of Appeals, Div. V.

April 25, 1991.

Rehearing Denied May 30, 1991.

Certiorari Denied April 20, 1992.

Gale Norton, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Richard O'Brien Moore, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Eumelio Hernandez, appeals a judgment of conviction entered upon a jury verdict finding him guilty of possession and possession with intent to sell cocaine. We reverse.

Defendant contends the trial court made numerous errors requiring reversal. Because we dispose of this matter on the basis of the trial court's order denying severance and the resultant violation of defendant's speedy trial rights, we do not address his other contentions.

Several times during these proceedings, defendant moved for severance of his trial from that of his codefendant. The codefendant had made a statement which was admissible as to himself but not admissible as to defendant. The trial court denied these motions, finding that the evidence of

the codefendant's statements was not "facially prejudicial" to defendant.

On the date that this matter was set for trial, the codefendant moved for a continuance because of his desire to interview prosecution witnesses who had recently become available. Defendant objected to any continuance. However, the trial court granted the codefendant's motion, which required a resetting of the trial date beyond the time permitted for bringing defendant to trial pursuant to § 18–1–405, C.R.S. (1986 Repl.Vol. 8B).

■ A defendant is entitled to severance as a matter of right if (1) there is material evidence admissible against one but not all of the parties *and* (2) admission of such evidence is prejudicial to the party against whom the evidence is not admissible. Section 16–7–101, C.R.S. (1986 Repl.Vol. 8A); Crim.P. 14; *Peltz v. People*, 728 P.2d 1271 (Colo.1986).

It is undisputed that the codefendant's statements are material evidence and would be admissible against the codefendant but not defendant. Therefore, the first prong of the test entitling defendant to severance as a matter of right is met. Although we might disagree with the finding that the evidence is not facially prejudicial to defendant, we defer to the trial court's ruling concerning the second part of the *Peltz* test and thus to its resultant conclusion that defendant was not as a matter of right entitled to a severance.

■ In consequence, we consider defendant's motion for severance based on evidentiary grounds as addressed to the sound discretion of the trial court. Such orders will be affirmed absent a showing of abuse of discretion and actual prejudice to the moving party. *People v. Horne*, 619 P.2d 53 (Colo.1980).

We conclude that, absent the issue of the codefendant's requested continuance, denial of defendant's request for severance initially did not constitute an abuse of the trial court's discretion.

However, the lack of error in the trial court's initial denial of the severance motion is not dispositive of the issue presented here involving denial of defendant's right to expeditious trial.

■ A criminal defendant is guaranteed the right to a speedy trial by the United States and Colorado Constitutions. *See* Colo. Const. art. 2, § 16. The General Assembly has by statute provided guidelines for the implementation of that constitutional right. Section 18–1–405, C.R.S. (1986 Repl.Vol. 8B) provides that, absent specified exceptions, all criminal defendants must be tried within six months of the time a plea of not guilty is entered, and failure to do so mandates dismissal of the charges. *See P.V. v. District Court*, 199 Colo. 357, 609 P.2d 110 (1980).

Section 18–1–405(6)(c), C.R.S. (1986 Repl. Vol. 8B) provides that in computing the six-month period, the following shall be excluded:

> "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run *and there is good cause for not granting a severance.*"

Here, the trial court found that "a reasonable period of delay is necessary because of the fact that there are codefendants in the case," but it failed to make the required finding of lack of good cause for not severing defendant's trial from that of his codefendant. We have reviewed the record and discern no facts which would support a finding of good cause for not granting a severance. And, we are unpersuaded by the People's argument that because the trial court properly denied defendant's motion for severance on evidentiary grounds, good cause was shown to overcome defendant's speedy trial rights under § 18–1–405.

We therefore conclude that since the codefendant here had requested a continuance, defendant had objected, and the trial court made no finding of good cause why severance should at that point not be granted, the trial court abused its discretion in not granting severance and in continuing the commencement of defendant's trial beyond the six-month period.

The judgment is reversed, and the cause is remanded to the district court with directions to dismiss the charges.

PLANK and HUME, JJ., concur.