The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Michael O. BACKUS, Defendant–Appellant.

No. 95CA1174.

Colorado Court of Appeals,
Div. II.

Jan. 8, 1998.

Certiorari Pending April
22, 1998 (98SC215).

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John J. Krause, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Terri L. Brake, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Michael O. Backus, appeals the judgment of conviction entered upon jury verdicts finding him guilty of first degree murder and conspiracy to commit first degree murder. We affirm.

Defendant became involved in a personal relationship with co-defendant, Jill Coit. When they met, Coit was embroiled in a bitter civil suit against her ex-husband, the victim in this case. The lawsuit arose over the victim's claimed interest in a bed and breakfast in Steamboat Springs, Colorado, which Coit owned with a son by a previous marriage. Coit apparently had given the victim a fraudulent deed of trust encumbering the property in order to avoid execution of a judgment obtained in a divorce proceeding by one of her former husbands.

After Coit filed the civil action against the victim seeking release of the deed of trust, the victim counterclaimed for intentional infliction of emotional distress and outrageous conduct. The counterclaims alleged, among other things, that Coit had falsely asserted she had given birth to a child fathered by the victim.

The murder occurred in Steamboat Springs one week before the civil trial was to begin. Approximately one month later, defendant and Coit were arrested and charged with first degree murder and conspiracy to commit murder. Their cases were joined and venue of the trial was changed from Routt County to Grand County. A six-week trial resulted in the convictions here at issue.

## I.

Defendant first contends his speedy trial rights were violated because the trial court failed to find good cause for not granting a severance as required by § 18–1–405(6)(c), C.R.S.1997. Accordingly, defendant asserts that he is entitled to dismissal of the charges on that basis. We disagree.

Section 18–1–405(6)(c) and Crim. P. 48(b)(6)(III) exclude from the computation of the six-month speedy trial period:

[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is *good cause for not granting a severance.* (emphasis added)

The joint trial was to begin August 29, 1994, about one month before the expiration of defendant's original speedy trial period. Both defendant and Coit previously had moved for separate trials, *see* § 16–7–101, C.R.S.1997, and Crim. P. 14, but only Coit moved for a continuance. The prosecution objected to severance and a continuance.

In a written order dated June 14, 1994, the trial court denied the motions for severance, finding it unwarranted, but it granted Coit's motion for a continuance and scheduled a

telephone conference call for June 27th to reset the trial.

At the telephone conference, the trial court reset the trial as Coit requested. In response to defendant's objection that his speedy trial rights were being violated, the prosecutor requested the court to "make a specific finding that [there] is a reasonable period of delay under the circumstances." The trial court explained its decision in part as follows:

The court would note that this case is very complex in the sense of at least the number of potential witnesses, the nature of the evidence that is going to be presented, and the various relationships that are involved. It is going to be a lengthy trial ... there is something over 180 witnesses that have been identified, a good deal of physical evidence has been proposed to be offered, and there are significant legal issues to be resolved.

Defense counsel also asked for clarification of the court's ruling stating, "[T]he Court is as I understand it, finding that *there is good cause for not granting severance.*" The trial court responded: "Right." (emphasis added)

In support of his assertion that his right to a speedy trial has been violated, defendant relies on *People v. Hernandez*, 829 P.2d 392 (Colo.App.1991). There, a division of this court held that defendant's speedy trial rights were violated because the trial court did not make the findings required by § 18-1-405(6)(c). In contrast, here, the trial court did find there was good cause not to sever the trial at the telephone conference conducted on June 27th.

Contrary to defendant's contention, we are not required to reach another result and dismiss this murder conviction because the People have changed their legal position on appeal regarding this issue.

In their answer brief filed in this court, the People initially conceded that the trial court had failed to make findings of good cause during the June 27th telephone hearing, as required by the speedy trial statute. Then, in a supplemental brief filed at the request of the court following oral argument, the People abandoned their earlier position and now contend that sufficient findings were made based on specific portions of the record which we have quoted above.

Defendant maintains that the People's original position constituted a judicial admission which is conclusive on the speedy trial issue and that they are now precluded from asserting a contrary legal argument. We are not persuaded.

■ A judicial admission is a formal, deliberate declaration which a party or his or her attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute. *People v. Bertagnolli,* 861 P.2d 717 (Colo.1993).

■ Defendant relies primarily on civil actions which apply the general principle that litigants should not be allowed to take one factual position or posit one theory of recovery in their pleadings or at trial and later change that position after the civil litigation has begun, to the detriment of the other party. An example of such a case is *Ohio & Mississippi Ry. Co. v. McCarthy*, 96 U.S. 258, 6 Otto 258, 24 L.Ed. 693 (1877).

But in the criminal context, defendant has directed us only to appellate decisions applying the doctrine in a very limited manner, such as to preclude an accused who has testified to certain facts at trial from contradicting that testimony with irreconcilable defense instructions. *See People v. Garcia*, 826 P.2d 1259 (Colo.1992) (defendant's testimony that his own videotaped interview was a lie held to be a binding judicial admission and, because it was inconsistent with his tendered heat of passion manslaughter, trial court did not err in refusing instruction); *People v. York*, 897 P.2d 848 (Colo.App.1994) (because defendant testified at trial and denied being present at time of altercation, trial court did not err in refusing defense instructions regarding heat of passion defense, self defense, and defense of others).

Defendant has not cited any authority for the proposition that an appellate court in a criminal proceeding is bound by either the prosecutor's or defense counsel's statement about what is contained in, or the inferences

that may be drawn from, the trial court. record.

■ As to the law that should be applied, numerous decisions 'have held that an appellate court is not bound by the concessions of the parties regarding the applicable law. Rather, it can rely on its own interpretation of the law, even if it is clearly inconsistent with the representations or arguments of counsel in briefs or in oral argument, and even if counsel has taken an internally inconsistent position. *See People in Interest of P.J.N.,* 664 P.2d 245 (Colo.1983) (supreme court concluded that particular precedent relied upon by trial court did not control the result, contrary to the concessions of the parties); *Denver & R.G.R. Co. v. Johnson,* 50 Colo. 187, 190, 114 P. 650, 651 (1911) ("The fact that opposing counsel may agree upon a proposition of law, does not commit the court to its approval"); *People v. Harris,* 797 P.2d 816, 818 (Colo.App.1990) ("Although we are not bound by the People's concession that the jury's failure to complete its verdict forms requires a remand for resentencing ... we conclude that such a remand is the appropriate remedy here"); *People v. Nave,* 689 P.2d 645 (Colo.App.1984) (panel refused to accept attorney general's concession at oral argument that a due process violation had occurred, concluding that the attorney general's brief *taking the opposite position* was more accurate statement of applicable law); *C.R.A.H. by Pueblo County concerning P.M.M.,* 647 P.2d 239 (Colo.App.1981) (panel refused to accept counsel's concession that award to guardian ad litem had to be reversed, concluding that statute specifically allowed such an award).

■ Similarly, the record on appeal speaks for itself. We therefore hold that we may choose to accept, but we are not bound by, the concessions of counsel regarding its contents or the inferences that properly may be drawn from it.

Hence,. we reject defendant's contention that the trial court erred in denying his motion to dismiss based on speedy trial.

## II.

Defendant also contends the trial court erred in denying his motion for a separate trial and that a new trial is required. We do not agree.

A defendant is entitled to a severance as a matter of right if there is material evidence admissible against one but not all of the parties, and admission of that evidence is prejudicial to the party against whom the evidence is not admissible. Section 16–7–101, C.R.S.1997; Crim. P. 14; *Peltz v. People,* 728 P.2d 1271 (Colo.1986).

■ If severance is not mandatory, the motion is addressed to the sound discretion of the trial court and its ruling will not be disturbed absent a showing of an abuse of discretion and actual prejudice to the moving party. *Peltz v. People, supra.*

■ In exercising its discretion, the trial court is guided by whether: (1) the number of defendants or the complexity of the evidence is such that the jury will confuse the evidence and the law applicable to each defendant; (2) despite cautionary instructions, the evidence admissible against one defendant will be improperly considered against the other defendant; and (3) the defenses asserted by each defendant are antagonistic. *People v. Lesney,* 855 P.2d 1364 (Colo.1993).

■ Here, in order to establish a motive for the murder and conspiracy, the prosecution sought to introduce evidence of the acrimonious civil suit between the victim and Coit. Such evidence supported the prosecution's theory that the murder was committed by Coit and defendant to prevent exposure of matters which would have been presented in the civil suit scheduled to begin one week after the murder was committed.

In his pre-trial motion for a separate trial, defendant claimed that evidence of the civil suit was inadmissible against him and that it was of such a pervasive and prejudicial nature that he was entitled to a severance as of right. However, after a hearing, the trial court found to the contrary that: (1) the objectionable evidence also was admissible against defendant; (2) the defenses being raised by defendant and Coit were not antag-

onistic; (3) the jury was unlikely to confuse the evidence or the law as to each defendant; and (4) any evidence inadmissible as to defendant could be presented with appropriate limiting instructions and would not be improperly considered by the jury.

We therefore perceive no abuse of discretion.

## III.

Defendant next asserts that the trial court's introductory instruction to the jury, which varied from the pattern jury instruction, *COLJI–Crim.* No. 1:03 (1983), mandates reversal. We disagree.

■ Defendant did not object to the trial court's introductory instruction during the trial. Thus, we review it under the plain error standard. *See People v. Montoya,* 928 P.2d 781 (Colo.App.1996). Under that standard, defendant must show that the instruction contained errors which both affected a substantial right and cast serious doubt on the reliability of the jury's finding of guilt. *See People v. Romero,* 767 P.2d 782 (Colo. App.1988).

No error occurs if the jury instructions, when read as a whole, adequately inform the jury of the law. *People v. Coria,* 937 P.2d 386 (Colo.1997); *see People v. Orona,* 907 P.2d 659 (Colo.App.1995).

■ Here, the pertinent part of the trial court's introductory instruction stated that:

You, the jury, must then retire to deliberate upon a verdict. Your purpose as jurors is to find and determine the facts. Under our system of criminal justice, you are the sole judges of the facts. It is especially important, then, that you perform your duty of determining the facts diligently and conscientiously.

You are to determine the facts from the testimony you hear and other evidence introduced in the court. *It is up to you to determine the inferences which you feel may properly be drawn from the evidence.* The law as given by this Court constitutes the only law for your guidance, and it is your duty to accept and follow it, even though you may disagree with it. It is

your duty to apply the rules of law as given in the instructions to the facts as you find them from the evidence in the case so as to arrive at a verdict. (emphasis added)

Defendant maintains that the emphasized language of this instruction gave the jurors the unlimited power to draw any inference they wished from the evidence. *See Tate v. People,* 125 Colo. 527, 247 P.2d 665 (1952).

However, the instruction given admonishes the jury to limit itself only to those inferences that may properly be drawn from the evidence. The pattern jury instruction is silent as to the jury's drawing of inferences. Thus, we conclude there is no inherent or direct conflict between it and the trial court's instruction.

■ In any case, a written instruction tendered to the jury at the close of evidence was modeled on *COLJI–Crim.* No. 4:01 (1983), and properly advised the jury of the inferences it could draw, thus curing any defect in the introductory instruction. *See People v. Romero, supra.*

■ Defendant correctly asserts that the trial court's introductory instruction also failed to mention the presumption of innocence. However, during the voir dire, the trial court fully advised the panel about the presumption of innocence and a written instruction at the close of the evidence instructed the jury regarding defendant's presumption of innocence in accordance with *COLJI–Crim.* No. 3:04 (1983). Thus, any error was cured.

Thus, under the totality of the circumstances, we conclude that the instructions as a whole properly apprised the jury of the law. *See Walter v. Hall,* 940 P.2d 991 (Colo. App.1996). Given this conclusion, we do not consider defendant's claim that, because of the instructional error, the evidence to convict defendant was insufficient.

## IV.

■ Defendant next contends the trial court erred in denying the jury's request to review certain parts of the trial testimony. Again, we disagree.

During its deliberations the jury requested transcripts of the testimony of four witnesses. It did not specify whether it wanted all or parts of the testimony.

Transcripts were unavailable and, after learning it would take about 13 and one-half hours to read back the testimony, the court solicited the parties' positions regarding an appropriate response to the jury's request. Defendant's position was that the jurors should rely on their collective recollections of the testimony and that reading it back to them would be time-consuming and would unduly emphasize certain testimony.

Following this conference with counsel, the trial court advised the jury that transcripts of the testimony had not been prepared and that the requested procedure would involve the court reporter reading back the testimony which would take about 13 and one-half hours. The trial court then stated:

> Based on your request, the Court's view is that you should rely upon your collective memories of the testimony that was given. And if you have further requests, the Court would consider that, but that is the procedure that would be followed.
> Thank you. Please return to your deliberations.

Because defendant suggested the course chosen by the trial court, any error in the procedure was invited and precludes him from the relief he now seeks. See People v. Zamora, 940 P.2d 939 (Colo.App.1996) (invited error doctrine bars appellate review of claimed error in jury instructions).

## V.

Defendant next contends the trial court failed properly to voir dire the prospective jury panel. He asserts that the panel was not read COLJI–Crim. No. 1:02 (1983), concerning statutory juror disqualification, and that this failure deprived him from learning whether the jurors were challengeable for cause under §§ 16–10–103(1) and 16–10–103(2), C.R.S.1997. We conclude that the omission does not require reversal.

Because defendant did not object to the trial court's voir dire, our review is limited to whether the omission rises to the level of plain error. See People v. Page, 907 P.2d 624 (Colo.App.1995).

The failure to use reasonable diligence on voir dire to determine if a challenge for cause exists may result in a waiver of the challenge. See People v. Crespin, 635 P.2d 918 (Colo.App.1981).

Here, the parties agreed to have prospective jurors complete a questionnaire in advance of voir dire. Several questions elicited information bearing on some of the statutory challenges for cause, and from which it could be determined whether additional voir dire was necessary. Defendant was afforded a thorough opportunity to conduct his own voir dire and he does not claim any juror was selected who should have been disqualified for cause. See People v. Page, supra. Nor has he adduced any facts showing actual prejudice. See People v. Reddick, 44 Colo.App. 278, 610 P.2d 1359 (1980).

We thus conclude the trial court's failure to conduct the examination required by Crim. P. 24(a)(2), as incorporated into COLJI–Crim. No. 1:02 (1983), does not rise to the level of plain error. People v. Page, supra.

## VI.

Finally, defendant asserts that the trial court erred in denying his motion to suppress evidence seized at Lowry Air Force Base (Lowry). According to defendant, the execution of this warrant was invalid because: (1) the state warrant had no extra-jurisdictional effect at Lowry which at that time was a military reservation under the exclusive jurisdiction of the United States; and (2) the search and seizure violated the Posse Comitatus Act, 18 U.S.C.A. § 1385 (1994). We disagree.

In People v. Coit, —— P.2d ——, 1997 WL 742263 (Colo.App. No. 95CA1145, November 28, 1997), we rejected the same arguments made by the co-defendant. Thus, even assuming defendant has standing to raise these issues, we resolve them adversely to him for the reasons set forth in that opinion.

Judgment affirmed.

CRISWELL and DAVIDSON, JJ., concur.