The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ross SERPA, Defendant–Appellant.

No. 97CA2243.

Colorado Court of Appeals, Div. IV.

Sept. 16, 1999.

Certiorari Denied Feb. 14, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Catherine P. Adkisson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge STERNBERG.*

Defendant, Ross Serpa, appeals the judgment of conviction entered on jury verdicts

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

finding him guilty of illegal discharge of a firearm and reckless endangerment. We affirm.

Defendant was arrested after his neighbor complained that several gunshots had been fired at his home. A police investigation revealed that a propane tank outside the neighbor's home had been hit by several bullets. In addition, one of the shingles on the neighbor's house was scored by a bullet, and a bullet jacket was found in an adjacent rain-gutter. The prosecution and conviction at issue followed.

## I.

Defendant first contends that the trial court erred when it refused to excuse a juror for cause after the juror revealed that she was associated with a victim's assistance group. We disagree.

■ A defendant accused of a crime has a fundamental right to a trial by fair and impartial jurors. It is the trial court's responsibility to assure that the jurors selected meet this standard. *People v. Abbott,* 690 P.2d 1263 (Colo.1984).

■ However, in the absence of an affirmative showing that the trial court has abused its discretion in passing on a challenge for cause, its decision will not be disturbed on appeal. *People v. Russo,* 713 P.2d 356 (Colo.1986). In determining whether the trial court clearly abused its discretion, the entire voir dire examination of the potential juror must be reviewed. *People v. Abbott, supra.*

Here, prior to voir dire, members of the panel responded to a questionnaire. One prospective juror wrote in response to the questionnaire that she had experience with and was a member of "victim assistance of Douglas County," and that she had "victim assistance friends."

During voir dire, after questioning, and without specifying a reason, defense counsel challenged this potential juror for cause. Defendant now asserts that the challenge was for bias. The prosecutor objected to the challenge, stating that information provided by the juror was insufficient to excuse her

for cause. Defense counsel declined the court's offer to reply to the objection, and the court denied the challenge.

■ The quoted references in the record to the potential juror's association with "victim assistance" are not dispositive on the issue of her prejudice. Despite defendant's contention to the contrary, there is no indication that the individual was an advocate for or a fiduciary of the victims. Further, in the same questionnaire, the potential juror stated that she would have no difficulty remaining fair and impartial, and she did not respond to the trial court's inquiries of the venire regarding their ability to remain impartial. *See People v. Abbott, supra* (juror's assurance of impartiality is one factor which supports denial of a challenge for cause).

Moreover, there was no attempt to establish a more adequate basis for the challenge. Defense counsel did not inquire into the matter when he questioned the panel member during voir dire, nor did he attempt to reinitiate questioning following the prosecution's objection to his challenge. *See People v. Backus,* 952 P.2d 846, 852 (Colo.App.1998) ("The failure to use reasonable diligence on voir dire to determine if a challenge for cause exists may result in a waiver of the challenge."); *People v. Crespin,* 635 P.2d 918 (Colo.App.1981) (same).

Under these circumstances, the trial court did not abuse its discretion in refusing to excuse the juror.

## II.

Defendant next contends that the trial court erred when it refused to grant his motion for a judgment of acquittal on the illegal discharge of a firearm charge. We disagree.

Section 18–12–107.5, C.R.S.1998, states that: "[A]ny person who knowingly or recklessly discharges a firearm *into* any dwelling or any other building or occupied structure ... commits the offense of illegal discharge of a firearm." (emphasis added)

■ Defendant argues that physical evidence of the crease created by the bullet on the roof does not satisfy the statutory use of

the word "into." Instead, defendant would have us hold that the word "into" requires that the discharged bullet actually enter the interior of the building. Therefore, defendant argues the evidence was insufficient as a matter of law to sustain the conviction, and that the trial court should have granted his motion for a judgment of acquittal following the presentation of the prosecution's case-in-chief.

The word "into" in the context of § 18–12–107.5 is not defined in the statutes and has not been determined in Colorado by appellate decision.

■ The cardinal rule in construing a statute is to ascertain and give effect to the intent of the General Assembly. *People v. Swain*, 959 P.2d 426 (Colo.1998). In determining legislative intent, we look first to the plain language of the statute. If that language is clear and unambiguous, then we need not resort to rules of statutory construction. *Brock v. Nyland*, 955 P.2d 1037 (Colo.1998).

■ The statute proscribes discharging a firearm "into" a dwelling. Here, the evidence disclosed that a bullet struck and scored a shingle on the roof of the house. In our view, firing a bullet into materials of which the house is built, here a shingle, violates the statute. There is no requirement in the statute that the bullet pierce the exterior of the building and enter the interior of the house. We decline to expand the language of the statute to add the element that the bullet end up inside the house. Thus, the court was correct in denying defendant's motion for acquittal.

### III.

In a related argument, defendant asserts that the trial court erred in its response to inquiries by the jury about the meaning of the word "into." Again, we disagree.

■ Whether to provide a jury with additional written instructions which properly state the law is a matter committed to the trial court's sound discretion. *People v. Mascarenas*, 972 P.2d 717 (Colo.App.1998). Nonetheless, if a jury inquires about the meaning of a particular instruction, the court should provide a supplemental instruction sufficient to clarify the jury's uncertainty. *Leonardo v. People*, 728 P.2d 1252 (Colo. 1986).

Here, after deliberations began, the trial court received the following question in reference to the court's instruction on the illegal discharge of a firearm: "Regarding Instruction No. 14, point 4. Does the word 'into' mean it must have penetrated or passed through?" In response to this question, the trial court responded: "No." Later, the trial court received another note asking: "Does it mean it must have been struck?" The trial court replied: "Yes. The dwelling, building, or occupied structure must have been struck."

There was no error in the court's responses to the questions posed by the jury. As we have held above, the word "into" in § 18–12–107.5 does not require that the firearm's projectile penetrate or pass through the dwelling, building, or occupied structure. Accordingly, the trial court's response reflected an accurate statement of the law.

### IV.

We do not agree with defendant's next claim that prosecutorial misconduct during closing argument requires reversal.

■ The scope of final argument rests in the discretion of the trial court. Its rulings will not be disturbed on review absent an abuse of discretion resulting in prejudice and a denial of justice. *People v. Moody*, 676 P.2d 691 (Colo.1984).

■ A contention that the prosecution engaged in improper argument must be evaluated in the context of the argument as a whole and in light of the evidence. *People v. Marquantte*, 923 P.2d 180 (Colo.App.1995). It is improper in closing argument for a prosecutor to interject his or her personal belief regarding the truth of witness' testimony. *People v. Brooks*, 950 P.2d 649 (Colo. App.1997). However, a prosecutor may argue the facts in evidence and reasonable inferences from those facts. *People v. Rodriguez*, 794 P.2d 965 (Colo.1990).

■ Defendant asserts that the prosecutor improperly commented on the truthfulness of a witness in three separate instances. Defendant objected to each comment. The first of the objections was sustained, and no other relief was requested. The second comment did not interject the prosecutor's *personal* opinion, but instead referenced facts supporting the credibility of the witness. The final comment merely invited the jury to consider the credibility of this witness when listening to defendant's closing argument. Under these circumstances, we perceive no error.

■ Defendant also complains of several remarks made by the prosecutor in reply to defendant's closing argument. The remarks suggested that evidence presented by the defense was designed as a "diversion" to "sidetrack" the jury from the central issue of the case. Defendant objected to each remark. However, each of the remarks was made in reference to specific evidence the defense had presented during the course of trial. In the light of the argument as a whole, we cannot say that these comments went beyond fair argument of the facts and reasonable inferences.

Judgment affirmed.

Judge RULAND and Judge KAPELKE concur.