**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Demarco Jamaal WHITE, Defendant–Appellant.**

**No. 00CA2028.**

Colorado Court of Appeals, Div. V.

March 28, 2002.

Certiorari Denied Oct. 7, 2002.

Ken Salazar, Attorney General, Esteban A. Martinez, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Thor Y. Inouye, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Demarco Jamaal White, appeals the judgment of conviction entered on jury verdicts finding him guilty of illegal discharge of a firearm and reckless endangerment. We affirm.

The evidence established that defendant emerged from his home, walked up to a parked car, and fired a single gunshot from a semi-automatic handgun into the hood of the car. The bullet pierced the hood within a few inches of the windshield. At the time of the shooting, the car was occupied by a woman and her four children.

## I.

Defendant first argues that there is insufficient evidence in the record to support his conviction for illegal discharge of a firearm. Specifically, he contends that the statute defining that offense only proscribes firing a gunshot into the passenger compartment of an automobile. We disagree.

When the sufficiency of evidence is challenged on appeal, the reviewing court must determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crimes charged beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945, 950 (Colo.1988).

"Any person who knowingly or recklessly discharges a firearm into any dwelling or any other building or occupied structure, or into any motor vehicle occupied by any person, commits the offense of illegal discharge of a firearm." Section 18–12–107.5(1), C.R.S. 2001.

The phrase "into any motor vehicle" in the second clause of § 18–12–107.5(1) is not defined by statute, and its meaning in the second clause has not been determined in Colorado by appellate decision.

The cardinal rule in construing a statute is to ascertain and give effect to the intent of the General Assembly. In determining legislative intent, we look first to the plain language of the statute. If that language is clear and unambiguous, then we need not resort to rules of statutory construction. *People v. Serpa,* 992 P.2d 682, 684–85 (Colo.App.1999).

In *People v. Serpa, supra,* a division of this court applied a plain meaning analysis to the first clause of § 18–12–107.5(1) and concluded that the evidence was sufficient to support the defendant's conviction because it established that he had fired a bullet that struck and scored a shingle on the roof of a dwelling. The division reasoned that firing a bullet "into" the materials of which a house is built violates the statute because there is no requirement in the statute that the bullet pierce the exterior of the building and enter the interior of the house.

We agree with the reasoning of *People v. Serpa, supra,* and, applying it here, conclude that the meaning of the second clause of § 18–12–107.5(1) is evident from the plain language such that it is unnecessary to resort to rules of statutory construction or refer to the legislative history. The second clause of the statute does not require proof that a bullet actually entered the passenger compartment of the vehicle, and the absence of such a requirement is consistent with the General Assembly's clear intention to criminalize the discharge of a firearm into an occupied vehicle irrespective of whether an occupant is endangered.

Accordingly, we conclude the evidence is sufficient to support defendant's conviction.

## II.

Defendant next argues that the trial court abused its discretion, and thereby violated his right to due process, by admitting evidence of a handgun seized at the scene that

was not used in the offense, by allowing a witness to use defendant's nickname when referring to him in her testimony, and by allowing the prosecution to introduce evidence that a police special weapons and tactics (SWAT) team responded to the scene. We are not persuaded.

Evidence is relevant if it has a tendency to render a fact of consequence more or less probable than it would be without such evidence. CRE 401. Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. CRE 403.

■ Trial courts have considerable discretion concerning the admissibility of evidence and the determination of its relevancy, probative value, and prejudicial impact. To constitute an abuse of discretion, the trial court's evidentiary ruling must be shown to be manifestly arbitrary, unreasonable, or unfair. *People v. Moya*, 899 P.2d 212, 217 (Colo.App.1994).

### A.

Over defendant's objection, the trial court allowed the prosecution to elicit testimony establishing that a fully loaded revolver had been seized from defendant's home after the shooting.

■ We perceive no abuse of discretion in the trial court's ruling. In opening statement, defense counsel erroneously referred to the weapon used in the incident as a "revolver." Thus, evidence establishing that the revolver discovered near the scene was fully loaded and of a caliber different than the semi-automatic handgun used to shoot the car was relevant to establish that a revolver was not used in the shooting. This evidence of a second handgun was not particularly prejudicial to defendant because, at trial, he did not dispute that he had used a handgun to fire a shot into the hood of the car. Moreover, the revolver was discovered in a house that defendant shared with other persons, and there was no evidence directly connecting him to the weapon. Also, we note that the trial court did not allow the prosecution to admit the revolver into evidence as an exhibit.

### B.

Over defendant's objection, the trial court ruled that the child witnesses could, in their testimony, refer to defendant by the nickname by which they knew him, "Big Greasy."

The prosecution's first witness was the children's mother, the woman who was in the car when defendant fired the shot. In her testimony, this witness referred to defendant as "Big Greasy." The trial court instructed the jurors:

> The fact that a nickname is used is not evidence that you can consider in determining whether or not the prosecution has proven the charge beyond a reasonable doubt. Nicknames come and go. It's alright (sic) if that's used, but you cannot consider that nickname in any way in deciding the merits of this case.

All of the jurors signified that they understood the court's advisement. Although the children's mother continued to refer to defendant by his nickname, the children did not do so when they testified.

■ We must presume that the jury followed the court's admonishment, and we are not persuaded by defendant's claim that revelation of this nickname, standing alone, apprised the jury of his gang membership. Nor are we persuaded by defendant's claim that reasonable jurors would, by linking a string of synonyms, interpret the word "greasy" to mean "false earnestness." Accordingly, we perceive no abuse of discretion in the trial court's decision to admit this evidence for the limited purpose of facilitating identification.

### C.

■ Over defendant's objection, the trial court allowed the prosecution to introduce evidence establishing that numerous SWAT team members responded to the scene of the shooting and established a perimeter around defendant's house.

We perceive no abuse of discretion in the trial court's ruling. The evidence of the SWAT team's response was relevant to lay a foundation for the participating officers' tes-

timony concerning their investigation of the crime scene. Because this evidence merely showed a reasonable police response to a shooting in a residential neighborhood, it did not unfairly suggest that defendant was a dangerous individual.

Finally, because we reject defendant's individual claims of error, we necessarily reject his claim of cumulative error. *See People v. Haynie,* 826 P.2d 371, 379 (Colo.App.1991).

The judgment is affirmed.

Judge DAVIDSON and Judge CASEBOLT concur.